

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. PD-0597-15

### BERNARD WINFIELD SHORTT, Appellant

### v.

### THE STATE OF TEXAS

### ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE FIFTH COURT OF APPEALS
### DALLAS COUNTY

**YEARY, J., delivered the opinion of the Court ALCALA, RICHARDSON, NEWELL, and WALKER, JJ., joined. KELLER, P.J., filed a dissenting opinion in which KEASLER, HERVEY, and KEEL, JJ., joined.**

## O P I N I O N

Appellant attempted to appeal from an order granting him so-called "shock" community supervision under former Article 42.12, Section 6(a) of the Code of Criminal Procedure.[1] TEX. CODE CRIM. PROC. art. 42.12, § 6(a). In that attempted appeal, he sought

---

[1] Under Section 6(a) of Article 42.12, a trial court's jurisdiction "continues for 180 days from the date the execution of the sentence actually begins[,]" so that it may consider the option of suspending that already-begun sentence and belatedly placing the defendant on community supervision—"or 'shock probation,' as it is commonly called." George E. Dix & John M. Schmolesky, 43A TEXAS PRACTICE: CRIMINAL PRACTICE AND PROCEDURE § 47:36, p. 314 (3d ed.

to challenge a condition of community supervision imposed in the order that required him to make restitution payments. Though the State agreed that the trial court's order was erroneous in this regard, the court of appeals dismissed the appeal for lack of jurisdiction. It held, in an unpublished opinion, that "there is no statutory authority which confers jurisdiction upon an appellate court to consider an appeal from an order imposing shock probation[.]" *Shortt v. State*, No. 05-13-01639-CR, 2015 WL 2250152, at *2 (Tex. App.—Dallas del. May 12, 2015) (mem. op., not designated for publication). We granted Appellant's petition for discretionary review in order to address whether an appellant may appeal an order granting "shock" community supervision.

## I.

Indicted for burglary of a habitation, Appellant pled guilty in exchange for a recommendation of deferred adjudication. As a condition of his deferred adjudication community supervision, he was ordered to pay restitution. Later, the State moved to revoke

2011). "The original idea of shock community supervision was that there are some defendants who would be only marginal risks if placed on regular community supervision or deferred adjudication, but who might be 'shocked' into becoming better risks if they experience the service of a jail or penitentiary sentence because they would then know what the alternative was to successful service of the community supervision term." *Id.*

We continue our convention of using the terms "community supervision" and "probation" interchangeably. *See Speth v. State*, 6 S.W.3d 530, 532 n.3 (Tex. Crim. App. 1999) ("We use the terms probation and community supervision interchangeably in this opinion."). We also note that Article 42.12 has been repealed and replaced by Chapter 42A of the Code of Criminal Procedure. *See Moore v. State*, 520 S.W.3d 906, 908 n.3 (Tex. Crim. App. 2017) (noting that Article 42.12 was repealed by Acts 2015, 84th Leg., ch. 770, p. 2321, eff. Jan. 1, 2017, but that the Legislature expressly declared that no substantive change was intended by this re-codification).

his deferred adjudication community supervision. Appellant pled true to the revocation allegations. The trial court adjudicated his guilt and sentenced him to confinement for ten years, but did not orally pronounce that he should pay restitution as part of the punishment assessed. Five months later, the trial court entered an order suspending the execution of Appellant's sentence and placing him back on community supervision. As part of that order, the trial court once again required Appellant to pay restitution. It is from that order that Appellant attempted to appeal, arguing in a single point of error that the re-imposition of restitution caused him to be twice punished for the same offense in violation of the constitutional prohibition against double jeopardy. The State disagreed that double jeopardy was implicated, but it did agree that the order was faulty in that the trial court lacked statutory authority to impose restitution as a condition of Appellant's "shock" community supervision. The court of appeals did not address any of these contentions, but instead dismissed the appeal for want of jurisdiction. *Id*.

A majority of the Court has concluded, and we now hold, that the courts of appeals do have the authority to entertain a defendant's appeal from an order granting "shock" community supervision, pursuant to Article 42.12, Section 23(b), of the Code of Criminal Procedure. TEX. CODE CRIM. PROC. art. 42.12, § 23(b).

**II.**

The issue in this case boils down to whether Article 42.12, Section 23(b), authorizes a defendant to appeal from an order granting so-called "shock" community supervision. TEX.

CODE CRIM. PROC. art. 42.12, § 23(b). Section 23(b), which provides the authority for a defendant to appeal from his conviction and sentence at the time he is placed on community supervision, was contained in the 1965 Code of Criminal Procedure from its inception. As originally enacted, that provision read: "The right of the probationer to appeal to the Court of Criminal Appeals for a review of the trial and conviction, as provided by law, shall be accorded the probationer at the time he is placed on probation." Acts 1965, 59th Leg., vol. 2, ch. 722, § 1, p. 492, eff. Jan. 1, 1966. At that time, however, there was no such thing as "shock" community supervision. The statute authorizing "shock" community supervision was not enacted until twelve years later, with the adoption of what was Article 42.12, Section 3e (later Section 6). Acts 1977, 65th Leg., ch. 306, § 1, p. 821, eff. Aug. 29, 1977.[2]

> In its entirety, the relevant sentence from Article 42.12, Section 23(b), now reads:
>
> "The right of the defendant to appeal for a review of the conviction and punishment, as provided by law, shall be accorded the defendant at the time he is placed on community supervision."

TEX. CODE CRIM. PROC. art. 42.12, § 23(b). Notice that the provision no longer talks about the right of "the probationer," but the right of "the defendant." Notice also that while the provision formerly provided for appellate review of the "trial and conviction," it now provides for appellate review of "the conviction and punishment." As originally worded, therefore, it seems to have been intended to empower a defendant placed on community

---

[2] Effective 2017, the Legislature has re-codified former Article 42.12. *See* Acts 2015, 84th Leg., ch. 770, § 1.01, p. 2321, eff. January 1, 2017. The statutory authorization for "shock" community supervision in felony cases is presently found in Article 42A.202 of the Code of Criminal Procedure. TEX. CODE CRIM. PROC. art. 42A.202.

supervision to appeal his trial and conviction only, and to do so immediately rather than having to wait until such time as his probation might be revoked (if ever). We have continued to construe the provision in this way with respect to ordinary community supervision—of course, allowing review under the amended version of the "punishment" as well.

"Community supervision" is statutorily the same whether it is granted as a part of the original judgment, under Sections 3 or 4 of Article 42.12 (ordinary community supervision), or is granted only later, under Section 6, after the execution of sentence has already begun ("shock" community supervision). TEX. CODE CRIM. PROC. art. 42.12, §§ 3, 4 & 6. Either way, it is simply "the placement of a defendant by a court under a continuum of programs and sanctions, with conditions imposed by the court for a specified period during which . . . a sentence of imprisonment or confinement, imprisonment and fine, or confinement and fine, is probated and the imposition of sentence is suspended in whole or in part." TEX. CODE CRIM. PROC. art. 42.12, § 2(2)(B). The Texas Constitution authorizes the judiciary "to suspend the imposition or execution of sentence," even "after conviction," by virtue of Article IV, Section 11A. TEX. CONST. art. IV, § 11A. The difference is that, when community supervision is granted as part of the original proceeding, under Sections 3(a) or 4(a), then it is the "imposition" of sentence that is suspended. If community supervision is granted at this time, it must be reflected in the written judgment. *See* TEX. CODE CRIM. PROC. art. 42.01, § 1(10) ("The judgment shall reflect: . . . [i]n the event of conviction where the imposition of sentence is suspended and the defendant is placed on community supervision, setting forth

the punishment assessed, the length of community supervision, and the conditions of community supervision[.]").

On the other hand, "shock" community supervision, granted under the auspices of Section 6 of Article 42.12, suspends the "execution" rather than the "imposition" of sentence.[3] Moreover, "shock" community supervision that is imposed at that later time will not be reflected in the written judgment at all. Section 6 contemplates that "shock" community supervision will be granted pursuant to an order on a motion, brought by either party or by the trial court *sua sponte*, well after the written judgment has been entered. *See* TEX. CODE CRIM. PROC. art. 42.12, § 6(c) (describing circumstances under which a trial court may deny or grant the motion for suspension of further execution of sentence). The statutory scheme does not contemplate that the trial court enter a new judgment, but simply that it grant or deny the motion pursuant to its continuing jurisdiction to consider, and if appropriate, grant, community supervision. The question thus becomes whether, pursuant to Article 42.12, Section 23(b), a defendant may appeal a ruling that grants that motion.[4]

---

[3] *See O'Hara v. State*, 626 S.W.2d 32, 34-35 (Tex. Crim. App. 1981) (distinguishing regular probation, which suspends "imposition" of sentence, from shock probation, which suspends further "execution" of sentence); *State v. Robinson*, 498 S.W.3d 914, 919 (Tex. Crim. App. 2016) ("When a trial court grants shock probation under the provisions of Article 42.12 § 6(a), it suspends the execution, rather than the imposition, of the sentence.").

[4] We have already held that a defendant may not appeal the *denial* of his motion for "shock" community supervision. *Houlihan v. State*, 579 S.W.2d 213, 216 (Tex. Crim. App. 1979). Of course, such a ruling does not "place[ the defendant] on community supervision[,]" so it does not fall under the purview of Article 42.12, Section 23(b). But whether an order *granting* "shock" community supervision is appealable is another matter. In *State v. Robinson*, 498 S.W.3d at 918, we unanimously held that the State was entitled to appeal from an order that grants a motion for "shock" community supervision. In so holding, we relied upon Article 44.01(a)(2) of the Code of Criminal

Although the language of Section 23(b) was not originally drafted to cover a "shock" community supervision order (since such orders were not yet authorized by statute when Section 23(b) was drafted), the language of Section 23(b) seems manifestly broad enough to accommodate such an order. We have long entertained claims that the trial court imposed illegal conditions of community supervision brought by defendants who have appealed from a judgment placing them on regular community supervision prior to imposition of sentence (presumably under the aegis of Section 23(b) and its predecessors).[5] This is true even though it must be conceded that Section 23(b) does not explicitly mention "probation" or "community supervision" in its statement of what can be appealed ("the conviction and punishment"), and even though we once said (albeit in dicta) that when Article 42.12 speaks of "punishment" in general, it does not necessarily embrace "probation." *See Green v. State*,

---

Procedure, which permits the State to appeal from "an order of a court in a criminal case if the order . . . modifies a judgment[.]" TEX. CODE CRIM. PROC. art. 44.01(a)(2). We essentially held that an order granting "shock" community supervision constitutes "an order" which "modifies a judgment[,]" thus authorizing the State to appeal. *Id*. Whether a defendant may similarly appeal from such an order seems to be a function of Article 42.12, Section 23(b).

[5] *See, e.g.*, *Flores v. State*, 513 S.W.2d 66 (Tex. Crim. App. 1974) (in an appeal from a judgment imposing probation, several claims exclusively challenging conditions of probation were rejected on the merits); *Morales v. State*, 541 S.W.2d 443 (Tex. Crim. App. 1976) (sustaining probationer's only claim, challenging certain conditions of probation, on the merits, and reforming the judgment to delete those conditions); *Cartwright v. State*, 605 S.W.2d 287 (Tex. Crim. App. 1980) (abating the appeal and remanding for a proper assessment of restitution as a condition of probation); *Ex parte Clore*, 690 S.W.2d 899, 900 (Tex. Crim. App. 1985) (refusing to entertain an original habeas corpus application challenging a condition of probation because "Applicant's appropriate remedy to challenge the conditions of probation is by appeal"); *Johnson v. State*, 286 S.W.3d 346 (Tex. Crim. App. 2009) (entertaining the merits of a claim challenging a condition of community supervision on appeal). *Cf. Speth v. State*, 6 S.W.3d 530 (Tex. Crim. App. 1999) (holding that, in order for probationer to complain of a condition of community supervision on appeal, he must have raised an objection to that condition in the trial court).

706 S.W.2d 653, 656 (Tex. Crim. App. 1986) ("The Legislature [in Article 42.12] carefully avoided defining 'probation' as a type of 'punishment' or 'sentence.'").[6] Given our apparent willingness to read Section 23(b) to embrace an appeal of the conditions of community supervision from an original judgment that suspends *imposition* of sentence, thereby "plac[ing the defendant] on community supervision[,]" there is no compelling reason we should not also be willing to construe it to authorize an appeal of the conditions of

---

[6] Of course, we also acknowledged in *Green* "that probation, substantively, is a type of punishment." 706 S.W.2d at 656 n.5 (citing *Angelle v. State*, 571 S.W.2d 301, 303 (Tex. Crim. App. 1978) ("Probation, as well as incarceration, is a form of punishment.")). There are good arguments for contending that "community supervision" in Texas is not "punishment" at all, but is instead a contractual arrangement whereby a person who has been found guilty of a crime avoids the punishment called for by the law by agreeing to comply with certain conditions imposed by the trial court. *See Speth*, 6 S.W.3d at 534 ("An award of community supervision is not a right, but a contractual privilege, and conditions thereof are terms of the contract entered into between the trial court and the defendant."). There is a United States statute providing that, upon conviction for certain federal offenses, a defendant may be "sentenced" to a term of probation. 18 U.S.C. § 3561(a). Texas, on the other hand, does not define probation as a sentence that can be imposed. In addition, Texas authorizes community supervision in certain cases where the determination of guilt has been deferred. It could hardly be said that community supervision in *that* instance would constitute punishment, since the defendant has yet even to be found guilty of a crime. *Ex parte Hernandez*, 705 S.W.2d 700, 702-03 (Tex. Crim. App. 1986). All that being said, the prevailing weight of decisional authority in our state suggests that ordinary community supervision *is* punishment. In *Green*, for example, this Court ultimately concluded, as we have noted, while "probation" was not "punishment," such that it could be cumulated under Article 42.08 of the Code of Criminal Procedure, "probation, substantively, is a type of punishment." 706 S.W.2d at 656-657 & n.5. In addition, as we have also already noted, this Court has treated appeals occurring after defendants have been placed on community supervision as an appropriate forum in which to raise complaints about conditions of community supervision. *See* note 4, *ante*. Whether probation actually constitutes punishment is incredibly consequential in cases like this one in which, if the Court were to determine that community supervision is not punishment, then there would be no basis left upon which to argue that the defendant is permitted to appeal. But the answer to that question having been decided in past cases from this Court (whether correctly or not), and in the absence of argument from either party that probation does not constitute punishment for purposes of Section 23(b), we accept that the condition of community supervision challenged in this case constitutes at least a form of "punishment" that can be challenged on appeal "at the time [the defendant] is placed on community supervision." TEX. CODE CRIM. PROC. art. 42.12, § 23(b).

community supervision from a later order granting "shock" community supervision—an order that suspends the *execution* of sentence, but just as assuredly "place[s the defendant] on community supervision." We construe Section 23(b) to authorize an appeal at either of these junctions, if only for consistency's sake. Whether the trial court suspends the imposition or the execution of sentence, it "place[s]" the defendant "on community supervision[,]" and that is the event that triggers the right to appeal pursuant to Article 42.12, Section 23(b).

Of course, construing it this way is not without its potential anomalies. For example, what if the defendant has already filed a notice of appeal, and thereby set the appellate timetable in motion, with respect to the original judgment that imposed an un-probated sentence? Does the later order granting "shock" community supervision somehow supersede the written judgment, so that a new notice of appeal must be filed which commences the appellate timetable anew? This could present a problem. *See Smith v. State*, 518 S.W.3d 641, 645 (Tex. App.—Waco 2017, pet. granted) (dismissing an appeal from the original judgment of conviction for want of jurisdiction because the appellant also filed a later notice of appeal from an order granting "shock" community supervision; the later notice of appeal superseded the first notice of appeal but came too late to challenge the original judgment of conviction). To avoid this confusion, we could hold that the appeal from the order granting "shock" community supervision is independent of the appeal from the original written judgment—a separate appeal of the order suspending the *execution* of the sentence, with its own appellate

timetable, but subject to being consolidated with the appeal from the original written judgment.

Alternatively, what if the defendant did not seek to appeal from the original written judgment, but appealed for the first time only after the trial court had entered an order granting "shock" community supervision? In that event, it might be appropriate to hold that the defendant may not raise anything in his appeal of the "shock" community supervision order that he could have raised in a timely appeal from the original written judgment. This would be consistent with our often expressed policy to declare that the failure to timely raise appellate issues constitutes a procedural impediment to raising them later.[7] *See*, *e.g.*, *Manuel v. State*, 994 S.W.2d 658, 661 (Tex. Crim. App. 1999) ("We have long held that a defendant placed on 'regular' community supervision may raise issues relating to the conviction, such as evidentiary sufficiency, only in appeals taken when community supervision is originally imposed."); *Wiley v. State*, 410 S.W.3d 313, 321 (Tex. Crim. App. 2013) (citing *Manuel* for the proposition that the appellant could not forego his right to appeal from the judgment imposing community supervision, but then try to challenge a condition of that community

---

[7] Presiding Judge Keller argues that this suggestion is inconsistent with the language of Section 23(b) itself, which authorizes appeal of both the "conviction and punishment." Dissenting Opinion at 2-3. But the fact that Section 23(b) broadly authorizes an appeal of both conviction and punishment does not necessarily mean that it is always appropriate to permit an appeal of both when the appellant has already been afforded an opportunity to appeal his conviction. Presiding Judge Keller reads this broad authorization as a reason not to construe the statute to reach shock probation at all. In our view, however, it is more consistent with the apparent legislative intent to construe the statute to extend to orders granting "shock" community supervision, and thereby allow an appeal to the extent that an appeal has not already been authorized, but not to the extent that the appellant obtains an unjustifiable second opportunity to appeal what he could have already appealed.

supervision as part of an appeal of the revocation of community supervision); *Riles v. State*, 452 S.W.3d 333, 338 (Tex. Crim. App. 2015) ("We made clear in *Manuel* and *Wiley* that those issues that an appellant can raise in a direct appeal from the initial judgment must be raised, and that failing to do so results in procedural default."). Moreover, an appeal coming after a trial court orders the suspension of the *execution* of a sentence would naturally be understood to be an appeal of that order, not an appeal of the written judgment that would have been entered as much as 180 days earlier. In any event, such a procedural limitation is neither implicated nor raised in the instant case because Appellant is not attempting to appeal from the original written judgment of conviction, but only from a condition imposed in the new order granting "shock" community supervision. The answer to these questions are therefore saved for another day.

## III.

The judgment of the court of appeals dismissing Appellant's appeal is vacated and the cause is remanded to that court for further proceedings consistent with our holding that it had jurisdiction to entertain Appellant's appeal from the trial court's order granting "shock" community supervision.

DELIVERED:     February 14, 2018
PUBLISH