

# Fourth Court of Appeals
## San Antonio, Texas

July 13, 2018

No. 04-18-00377-CR

Rodolfo **AGUILLON**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 227th Judicial District Court, Bexar County, Texas
Trial Court No. 2010CR11191
Honorable Kevin M. O'Connell, Judge Presiding

# O R D E R

On May 30, 2018, appellant filed a pro se "Motion for Direct Appeal," stating he was appealing errors that could have changed the outcome of his case. In his "Motion for Direct Appeal," appellant references his conviction and sentence in Cause No. 2010 CR 11191. Thereafter, the clerk's record was filed. The clerk's record contains a number of items: (1) a judgment of conviction imposing sentence on September 26, 2011; (2) a judgment revoking community supervision imposing sentence on July 15, 2013; and (3) an order denying a "Motion for Shock Probation by Defendant" dated January 6, 2014. Accordingly, it appears appellant seeks to appeal the trial court's most recent ruling, that being the order denying his motion for shock probation.

In general, we have jurisdiction to consider an appeal in a criminal case only when there has been a judgment of conviction. *Apolinar v. State*, 820 S.W.2d 792, 794 (Tex. Crim. App. 1991). The rules of appellate procedure further provide that a criminal defendant has the right to appeal a judgment of guilt or other appealable order. *See* TEX. R. APP. P. 25.2(a)(2). And although there are some limited exceptions that allow for the appeal of an interlocutory order, the denial of a motion for shock probation is not an appealable order. *See Houlihan v.* State, 579 S.W.2d 213, 215-16 (Tex. Crim. App. 1979); *Dodson v. State*, 988 S.W.3d 833, 834 (Tex. App.—San Antonio 1999, no pet.) (holding that appellate court lacked jurisdiction to hear an appeal from the denial of a motion for shock probation); *but see Shortt v. State*, 539 S.W.3d 321, 327 (Tex. Crim. App. 2018) (holding a defendant may appeal a ruling that grants a motion for shock probation).

Moreover, appellant's pro se notice of appeal was filed more than ninety days after the trial court's ruling.[1]  A defendant's notice of appeal must be filed within thirty days after an appealable order has been signed when a motion for new trial has not been executed.  TEX. R. APP. P. 26.2.  In the event a motion for new trial is filed, then the notice of appeal must be filed within ninety days.  *Id.*  Here, the order denying his motion for shock probation was signed on January 6, 2014, and no motion for new trial was filed.  Accordingly, his notice of appeal would have been due February 5, 2014; however, he did not file his notice of appeal until over four years later on June 4, 2018.  *See id.*

Because it appears we lack jurisdiction to consider his appeal, we **ORDER** appellant to file in this court, on or before **August 13, 2018**, a response showing cause why this appeal should not be dismissed for want of jurisdiction.  If appellant fails to satisfactorily respond within the time provided, the appeal will be dismissed.  *See* TEX. R. APP. P. 42.3(c).  If a supplemental clerk's record is required to establish this court's jurisdiction, appellant must ask the trial court clerk to prepare one and must notify the clerk of this court that such a request was made.  All deadlines in this matter are suspended until further order of the court.

We further order the clerk of this court to serve a copy of this order on the trial court, all counsel, appellant, and the court reporter.

_____
Marialyn Barnard, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 13th day of July, 2018.

_____
Keith E. Hottle
Clerk of Court

---

[1] We further note that appellant's pro se notice of appeal was filed more than ninety days after July 15, 2013, the date sentence was imposed as indicated on the judgment revoking community supervision.