**Opinion issued November 27, 2018**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-17-00749-CR

———————————

**JOSEPH LUIS CANTU, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 450th District Court[1]**
**Travis County, Texas**
**Trial Court Case No. D-1-DC-17-904033**

---

[1]     Pursuant to its docket equalization authority, the Supreme Court of Texas transferred this appeal from the Court of Appeals for the Third District of Texas to this Court. See Misc. Docket No. 17–9128, Transfer of Cases from Courts of Appeals (Tex. Sept. 28, 2017); see also Tex. Gov't Code § 73.001 (authorizing transfer of cases). We are unaware of any conflict between precedent of that court and that of this court on any relevant issue. See Tex. R. App. P. 41.3.

**MEMORANDUM OPINION**

In August 2017, a jury convicted Joseph Luis Cantu of the offense of "accident involving death." The trial court sentenced him to five years' imprisonment but suspended the sentence and placed Cantu on six years' community supervision. On appeal, Cantu argues that the trial court abused its discretion in imposing certain terms and conditions of community supervision. Cantu failed to preserve these arguments.

## Background

In the early hours of March 2, 2014, Cantu drove a vehicle into Philip Wood. Cantu failed to stop and render aid to Wood, who died at the scene of the accident. A jury convicted Cantu of "accident involving death." *See* TEX. TRANSP. CODE § 550.021(c)(1)(A). The trial court sentenced Cantu to five years' imprisonment but suspended the prison sentence and placed Cantu on six years' community supervision.

The court ordered Cantu to: (1) install an ignition interlock device on any vehicle he drives for three years; (2) perform 200 hours of community service; (3) complete a Mothers Against Drunk Driving (MADD) panel; (4) complete treatment, and counseling; (5) consume no alcohol during the supervision; (6) write a sincere apology letter to Wood's parents; (7) spend March 2 (the anniversary of

the day of the accident) in jail each year during supervision; and (8) spend January 30 (the decedent's birthday) in jail each year during supervision.

Cantu did not object to these conditions of community supervision at trial; he complains about them for the first time on appeal. Cantu argues that the trial court abused its discretion by imposing terms and conditions of community supervision unrelated to the treatment of the accused or the protection of the public. The State contends that Cantu failed to preserve error on his claim and that the trial court did not abuse its discretion in imposing the conditions of community supervision.

The Texas Constitution allows trial courts to suspend "the imposition or execution of sentence and to place the defendant on probation and to reimpose such sentence, under such conditions as the legislature may prescribe." TEX. CONST. art. IV, § 11A.[2] Along those lines, the Code of Criminal Procedure allows a judge to suspend the imposition of a sentence and place a defendant on community supervision, if the defendant is eligible after conviction or plea. *See* TEX. CODE CRIM. PROC. art. 42.A053(a)(1). The Code defines community supervision as:

> [T]he placement of a defendant by a court under a continuum of programs and sanctions, with conditions imposed by the court for a specified period during which:
>
> (A)    criminal proceedings are deferred without an adjudication of guilt; or

---

[2]    Probation is referred to in the Code of Criminal Procedure as "community supervision." *See* TEX. CODE CRIM. PROC. art. 42 Refs. & Annos.

(B)     a sentence of imprisonment or confinement, imprisonment and fine, or confinement and fine, is probated and the imposition of sentence is suspended in whole or in part.

TEX. CODE CRIM. PROC. art. 42A.001.

Texas law affords the trial court discretion to impose conditions of community supervision. A trial judge may impose any reasonable condition that is not duplicative and is designed to protect or restore the community, protect or restore the victim, or punish, rehabilitate, or reform the defendant. TEX. CODE CRIM. PROC. art. 42A.301. In fact, Texas law says that the granting of community supervision is a privilege, not a right. *Speth v. State*, 6 S.W.3d 530, 533 (Tex. Crim. App. 1999); *Flores v. State*, 904 S.W.2d 129, 130 (Tex. Crim. App. 1995) ("[T]here is no fundamental right to receive probation; it is within the discretion of the trial court to determine whether an individual defendant is entitled to probation").

The first question before us is whether Cantu preserved his challenge to the terms of his community supervision. Ordinarily, to preserve a complaint for appellate review, a party must present a timely objection to the trial court, state the specific grounds for the objection, and obtain a ruling. TEX. R. APP. P. 33.1(a). Nevertheless, some complaints, such as those concerning absolute requirements, may be considered on appeal even without an objection. *See Proenza v. State*, 541 S.W.3d 786, 792 (Tex. Crim. App. 2017) (citing *Marin v. State*, 851 S.W.2d 275, 279 (Tex. Crim. App. 1993)).

4

Binding precedent has addressed the question posed here and explains that, in most circumstances, a defendant must object to a condition of community supervision at the trial court, or he forfeits "any rights encroached upon by the terms of the [community supervision] contract." *Speth*, 6 S.W.3d at 534 ("A defendant who benefits from the contractual privilege of probation, the granting of which does not involve a systemic right or prohibition, must complain at trial to conditions he finds objectionable."); *Medina v. State*, No. 14-17-00638-CR, 2018 WL 4869504, at *4 (Tex. App.—Houston [14th Dist.] Oct. 9, 2018, no pet. h.) (mem. op., not designated for publication) (similar); *Ramos v. State*, No. 03-10-00705-CR, 2013 WL 1876577, at *2 (Tex. App.—Austin May 2, 2013, pet. ref'd) (mem. op., not designated for publication) (similar). Specifically, a defendant forfeits "many, if not most, appellate complaints—even most constitutional complaints—about particular conditions of community supervision by failing to object at trial," although one "cannot agree to submit to a condition of community supervision that the criminal justice system simply finds intolerable and which is therefore, by definition, not even an option available to the parties." *Gutierrez v. State*, 380 S.W.3d 167, 175 (Tex. Crim. App. 2012).

Cantu did not object in the trial court to the terms of his community supervision. He makes no argument (and the record does not show) that he did not need to object to preserve his claim or that any condition he challenges is one that

the justice system finds intolerable. *See Proenza,* 541 S.W.3d at 792; *Gutierrez,* 380 S.W.3d at 175.

Cantu failed to preserve his challenge. *See Speth*, 6 S.W.3d at 534; *Ramos*, 2013 WL 1876577 at *3; *see also Shortt v. State*, 539 S.W.3d 321, 325 n.5 (Tex. Crim. App. 2018) (citing *Speth* for the proposition that, "in order for probationer to complain of a condition of community supervision on appeal, he must have raised an objection to that condition in the trial court.").

## Conclusion

We affirm.

Jennifer Caughey
Justice

Panel consists of Justices Higley, Lloyd, and Caughey.

Do not publish. TEX. R. APP. P. 47.2(b).