

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-19-00049-CR
_____

CHARLIE CASTANEDA, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 137th District Court
Lubbock County, Texas
Trial Court No. 2013-437,254; Honorable John J. McClendon III, Presiding

August 9, 2019

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

In 2013, pursuant to a plea agreement, Appellant, Charlie Castaneda, was convicted by the trial court of possession with intent to deliver methamphetamine in an amount of four grams or more but less than 200, a first degree felony.[1] Punishment was assessed at ten years confinement, suspended in favor of five years community

---

[1] TEX. HEALTH & SAFETY CODE ANN. § 481.112(a), (d) (West 2017).

supervision. In May 2018, the State alleged that Appellant had committed numerous violations of the conditions of his community supervision and filed a motion to revoke. Later that year, a hearing was held on the State's motion. Appellant entered pleas of not true to all allegations and the proceeding continued. Following presentation of the evidence, the trial court found some of the State's allegations to be not true and others to be true. The trial court expressed concern about Appellant's use of controlled substances and instead of revocation, signed a judgment extending the term of community supervision by one year and adding the condition that he be sent to a Substance Abuse Felony Punishment Facility—Special Needs for not less than ninety days and no more than one year. Appellant expressed a desire to appeal the added condition and on defense counsel's request, the trial court signed a *Trial Court's Certification of Defendant's Right of Appeal* of the *Judgment Modifying Probation After Hearing*.

### BACKGROUND

Appellant suffers from debilitating injuries resulting from a serious car accident that occurred in 2003. Those injuries resulted in permanent disabilities that require constant medical supervision and medications. Appellant also suffers from anxiety and takes Xanax. He also has a history of alcohol and substance abuse. During the period of community supervision, he was living with his mother and did not have reliable transportation. There was no public transportation in the area for him to comply with some of the conditions of community supervision.

### APPLICABLE LAW

"The standard for determining jurisdiction is not whether the appeal is precluded by law, but whether the appeal is authorized by law." *Abbott v. State*, 271 S.W.3d 694,

697-98 (Tex. Crim. App. 2008) (citing TEX. CONST. art. V, § 6(a)).  The right to appeal is conferred by the Legislature and a party may appeal only that which the Legislature has authorized.  *Marin v. State*, 851 S.W.2d 275, 278 (Tex. Crim. App. 1993).  In *Basaldua v. State*, 558 S.W.2d 2, 5 (Tex. Crim. App. 1977), the Court of Criminal Appeals held there is no constitutional or statutory authority permitting a direct appeal from an order modifying or refusing to modify conditions of community supervision.  *See Shortt v. State*, 539 S.W.3d 321, 329 (Tex. Crim. App. 2018) (Keller, P.J., dissenting) (recognizing that the right to appeal orders in criminal cases is rare and when it exists, it is specific to that particular kind of order).

### ANALYSIS

By a sole issue, Appellant contends the State failed to prove and the trial court failed to issue specific findings about his need to attend a Substance Abuse Felony Punishment Facility—Special Needs.  Because the Legislature has not authorized a direct appeal from an order modifying the conditions of community supervision, we conclude we have no jurisdiction to consider Appellant's issue.[2]

### CONCLUSION

This appeal is dismissed for want of jurisdiction.

Patrick A. Pirtle
Justice

Do not publish.

---

[2] In her dissent, Judge Keller noted that a constitutional challenge to a condition of probation can be raised in a habeas application under article 11.072 of the Texas Code of Criminal Procedure (West 2015).  *Shortt*, 539 S.W.3d at 329.