

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-20-00081-CR

———————————————

LADAVIOUS COBUR RAMON SMITH, Appellant

V.

THE STATE OF TEXAS

On Appeal from the 431st District Court
Denton County, Texas
Trial Court No. F16-2486-431

Before Birdwell, Bassel, and Womack, JJ.
Per Curiam Memorandum Opinion

## MEMORANDUM OPINION

Ladavious Cobur Ramon Smith filed a notice of appeal attempting to challenge the trial court's denial of (1) his motion for shock probation and (2) his request for findings of fact and conclusions of law.

Generally, an appellate court may consider appeals by criminal defendants only where there has been a final judgment of conviction. *Bridle v. State*, 16 S.W.3d 906, 907 (Tex. App.—Fort Worth 2000, no pet.) (per curiam). We do not have jurisdiction to review interlocutory orders such as the one in this case unless that jurisdiction has been expressly granted to us by law. *Ragston v. State*, 424 S.W.3d 49, 52 (Tex. Crim. App. 2014) (quoting *Apolinar v. State*, 820 S.W.2d 792, 794 (Tex. Crim. App. 1991)). The narrow exceptions to this rule do not apply here. *See Bridle*, 16 S.W.3d at 907 n.1. The denial of a motion for shock probation is not an appealable order. *Houlihan v. State*, 579 S.W.2d 213, 216 (Tex. Crim. App. 1979); *Monson v. State*, No. 02-16-00447-CR, 2018 WL 2248567, at *1 (Tex. App.—Fort Worth May 17, 2018, no pet.) (mem. op., not designated for publication). And no statute or rule makes an order denying a request for findings of fact and conclusions of law independently appealable. *Cf. Ex parte Prescott*, No. 02-20-00066-CR, 2020 WL 1949013, at *1 (Tex. App.—Fort Worth Apr. 23, 2020, no pet.) (mem. op., not designated for publication) (holding that an order adopting findings and conclusions was not independently appealable); *State v. Davis*, Nos. 03-15-00616-CR, 03-15-00620-CR, 2015 WL 7424702, at *1 (Tex. App.—Austin

Nov. 19, 2015, no pet.) (per curiam) (mem. op., not designated for publication) (holding that findings and conclusions did not constitute an appealable order).

In light of the foregoing, we sent Smith a letter expressing our concern that we do not have jurisdiction because the trial court has not entered any appealable orders. We informed Smith that unless he or any other party desiring to continue the appeal filed a response showing grounds for continuing the appeal, we would dismiss it. *See* Tex. R. App. P. 44.3.

In his response, Smith did not contend that the denial of his motion for findings and conclusions was an appealable order. However, Smith did argue that *Shortt v. State* allows an appeal from an order denying shock probation. 539 S.W.3d 321 (Tex. Crim. App. 2018).

Smith has misread *Shortt*, which held that an order *granting* shock probation was appealable under a statute that provided, "The right of the defendant to appeal for a review of the conviction and punishment, as provided by law, shall be accorded the defendant at the time he is placed on community supervision." *Id.* at 323; *see* Tex. Code Crim. Proc. Ann. art. 42A.755(e). *Shortt* reasoned that when the trial court grants a defendant shock probation, the court "places the defendant on community supervision" for purposes of the statute and thus triggers the right to appeal. *Shortt*, 539 S.W.3d at 326 (cleaned up). *Shortt* said nothing of those who are denied shock probation, and its rationale does not embrace situations such as this one: those who

are denied shock probation cannot be said to have been placed on community supervision. *See id.*

Because there is no appealable order, we dismiss the appeal for want of jurisdiction. *See* Tex. R. App. P. 43.2(f).

Per Curiam

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered:  September 10, 2020