**Affirm and Opinion Filed July 19, 2021**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-18-00391-CR

**FRANK PAUL CELAYA, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 291st Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F12-52876-U**

## MEMORANDUM OPINION

Before Justices Myers, Partida-Kipness, and Garcia
Opinion by Justice Myers

Appellant Frank Paul Celaya was indicted for the offense of possession of more than one gram but less than four grams of methamphetamine. He pleaded guilty to the offense and was placed on deferred adjudication for five years and fined $1,750. His community supervision was later extended by twelve months. The State subsequently moved to revoke and proceed with an adjudication of guilt based on grounds appellant violated certain terms of his community supervision, including having committed the offense of assault. Appellant pleaded "not true" to the State's allegations and, following a hearing, the trial court found the allegations in the

State's motion to be true, revoked appellant's community supervision, and sentenced him to ten years in prison.

Appellant's counsel has filed a motion to withdraw. The motion is supported by a brief in which counsel professionally and conscientiously examines the record and applicable law and concludes this appeal is frivolous and without merit.

Counsel certifies that she provided appellant with a copy of the brief and the motion to withdraw. The brief meets the requirements of *Anders v. California*, 386 U.S. 738 (1967). The brief presents a professional evaluation of the record showing why, in effect, there are no arguable grounds to advance. *See High v. State*, 573 S.W.2d 807, 812–13 (Tex. Crim. App. [Panel Op.] 1978) (determining whether brief meets requirements of *Anders*); *see also Arevalos v. State*, 606 S.W.3d 912, 915–16 (Tex. App.—Dallas 2020, no pet.) (citing *High* and concluding *Anders* brief in support of motion to withdraw did not meet requirements of *Anders* and was deficient as to form). We advised appellant by letter of his right to file a pro se response, but he has not filed a pro se response. *See Kelly v. State*, 436 S.W.3d 313, 319–21 (Tex. Crim. App. 2014) (appellant has right to file pro se response to *Anders* brief filed by counsel).

We have reviewed the record and counsel's brief. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005) (explaining appellate court's duty in *Anders* cases). We agree the appeal is frivolous and without merit, and we find nothing in the record that might arguably support the appeal.

Although not arguable issues, we note two clerical errors in the judgment adjudicating guilt. The judgment incorrectly states, under "Plea to Motion to Adjudicate," that appellant pleaded "true" when the record shows he pleaded "not true" to the State's allegations. The judgment also incorrectly states that the "Terms of Plea Bargain" were "10 Years TDCJ."

When the record provides the necessary information to correct inaccuracies in the trial court's judgment, we have the authority to reform the judgment to speak the truth. TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993); *Asberry v. State*, 813 S.W.2d 526, 529–30 (Tex. App.—Dallas 1991, pet. ref'd). Accordingly, we modify the judgment to reflect that, in the portion of the judgment entitled "Plea to Motion to Adjudicate," appellant pleaded "NOT TRUE." We also delete the reference in the judgment to "TEN YEARS TDCJ" under "Term of Plea Bargain," and change it to "N/A."

Additionally, according to the record of the adjudication hearing, which occurred on December 7, 2017, the trial court sentenced appellant to 10 years' confinement, but then "order[ed]" him to "return" to court in six months, on June 6, 2018, for a hearing on whether to suspend the remainder of the sentence or allow appellant to remain in TDCJ for the remainder of the ten-year sentence. *See* TEX. CODE CRIM. PROC. art. 42A.202 (before expiration of 180-day period from the date of the execution of the sentence, the trial court that imposed the sentence may, on the court's own motion, the motion of the attorney representing the State, or on

written motion of the defendant, to suspend further execution of sentence and place the defendant on community supervision, provided certain conditions are met).  The court advised appellant just after sentencing him, "That means you're getting shock probation."[1]

The record on appeal does not reflect what happened on June 6, 2018,[2] but the court of criminal appeals has clarified that courts of appeals have authority to entertain a defendant's appeal from an order granting "shock" probation.  *See Shortt v. State*, 539 S.W.3d 321, 323, 324–25 (Tex. Crim. App. 2018) (recognizing that statutory provision regarding appeal of placement on community supervision is broad enough to accommodate an appeal of the conditions of probation imposed by an order granting shock probation); *see also Smith v. State*, 559 S.W.3d 527, 536–37 (Tex. Crim. App. 2018) ("The appeal of an order granting shock probation is independent of an appeal from adjudication and sentencing.  It is a separate appeal of a separate appealable order, with its own appellate timetable.  It requires a separate notice of appeal.").  Thus, any issues arising from a decision by the trial court to grant appellant "shock" probation are not before us in this appeal.

We grant counsel's motion to withdraw and, as modified, affirm the judgment.

---

[1] The trial court based its order on article 42.12 of the code of criminal procedure.  As we have noted before, article 42.12 was repealed and replaced with Chapter 42A, effective January 1, 2017.  *See, e.g., Campos-Hernandez v. State*, No. 05-19-01489-CR, 2021 WL 2070330, at *1 (Tex. App.—Dallas May 24, 2021, no pet. h.) (mem. op., not designated for publication).

[2] The clerk's record was filed on April 17, 2018, almost two months earlier.

–4–

_/Lana Myers//_
LANA MYERS
JUSTICE

180391f.u05
Do Not Publish
TEX. R. APP. P. 47.2(b)



## Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

FRANK PAUL CELAYA, Appellant

No. 05-18-00391-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 291st Judicial District Court, Dallas County, Texas
Trial Court Cause No. F12-52876-U.
Opinion delivered by Justice Myers. Justices Partida-Kipness and Garcia participating.

Based on the Court's opinion of this date, the trial court's judgment adjudicating guilt is **MODIFIED** as follows:

In the portion of the judgment entitled "Plea to Motion to Adjudicate," "TRUE" is changed to "NOT TRUE."

In the portion of the judgment entitled "Terms of Plea Bargain," "10 YEARS TDCJ" is changed to "N/A."

As **REFORMED**, the judgment is **AFFIRMED**.

Judgment entered this 19th day of July, 2021.