

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-24-00225-CR

———————————————

EARNEST LEE QUINONEZ, Appellant

V.

THE STATE OF TEXAS

On Appeal from Criminal District Court No. 2
Tarrant County, Texas
Trial Court No. 1745344

Before Sudderth, C.J.; Birdwell and Womack, JJ.
Memorandum Opinion by Chief Justice Sudderth

## MEMORANDUM OPINION

Appellant Earnest Lee Quinonez challenges the revocation of his probation, claiming there was insufficient evidence that he violated its terms. Because Quinonez pleaded true to all of the probation violations alleged in the State's petition, we will affirm.

## I. Background

Quinonez was convicted of burglary of a habitation in 2022, and his ten-year sentence was probated for eight years of community supervision.[1] *See* Tex. Penal Code Ann. § 30.02(c)(2). Not long after the community supervision began, the State petitioned to revoke it, alleging that Quinonez had violated its terms by failing to report to his probation officer, failing to notify his probation officer of his change in address, and failing to keep his electronic monitor charged.[2]

---

[1]"'Community supervision' and 'probation' are synonymous and generally used interchangeably." *Bonakies v. State*, No. 02-23-00305-CR, 2024 WL 2854773, at *2 n.2 (Tex. App.—Fort Worth June 6, 2024, pet. ref'd) (mem. op., not designated for publication); *see Shortt v. State*, 539 S.W.3d 321, 322 n.1 (Tex. Crim. App. 2018) (recognizing the court's "convention of using the terms 'community supervision' and 'probation' interchangeably").

[2]Quinonez was not arrested for more than a year after the State filed its petition to revoke. So a few months before trial, the State amended its petition to allege additional failures to report that had occurred in the interim.

At the bench trial that followed, Quinonez pleaded true to each of the probation violations listed in the State's amended revocation petition.[3] He then took the stand and acknowledged many of the violations again in an attempt to explain his actions.[4] The trial court found that Quinonez had committed all of the violations alleged, so it revoked Quinonez's probation and sentenced him to five years' confinement.[5]

## II. Sufficiency

In his sole appellate issue, Quinonez challenges the sufficiency of the evidence to support his revocation.

In a probation revocation proceeding, the State bears the burden to prove by a preponderance of the evidence that the defendant violated at least one term of his community supervision. *Rickels v. State*, 202 S.W.3d 759, 763–64 (Tex. Crim. App. 2006); *Cardona v. State*, 665 S.W.2d 492, 493–94 (Tex. Crim. App. 1984); *Byrd v. State*,

---

[3]Quinonez also signed a judicial confession together with accompanying plea admonishments. At trial, the trial court referenced "written plea admonishments [that it] ha[d]," and it admitted the document into evidence. But this document did not make its way into the reporter's record, and it is unclear if the exhibit admitted into evidence at trial included a signed copy of Quinonez's judicial confession. Regardless, the ambiguity need not be resolved to dispose of this appeal. *See* Tex. R. App. P. 47.1.

[4]Quinonez explained that he had been living out of a hotel, he had lost the charger for his electronic monitor, and after he had committed several probation violations, his unsympathetic probation officer had made him "panic[]," so he had moved into a tent and tried to stay "out of sight."

[5]Neither the State nor Quinonez presented additional punishment evidence.

No. 02-19-00218-CR, 2019 WL 5792809, at *2 (Tex. App.—Fort Worth Nov. 7, 2019, no pet.) (mem. op., not designated for publication). If the State fails to carry this burden, then the trial court abuses its discretion by revoking the defendant's probation.[6] *Cardona*, 665 S.W.2d at 493–94; *Byrd*, 2019 WL 5792809, at *2. And here, Quinonez claims that the State failed to carry its burden, asserting that "none of the grounds for revocation were supported by a preponderance of the evidence."

But Quinonez pleaded true to each of the violations alleged in the State's live petition. And both the Court of Criminal Appeals and this court have repeatedly recognized that a defendant's "plea of true, standing alone[,] is sufficient to support the revocation of probation." *Moses v. State*, 590 S.W.2d 469, 470 (Tex. Crim. App. 1979); *accord Cole v. State*, 578 S.W.2d 127, 128 (Tex. Crim. App. [Panel Op.] 1979); *Byrd*, 2019 WL 5792809, at *2; *Beauchamp v. State*, No. 02-13-00414-CR, 2014 WL 3536961, at *1 (Tex. App.—Fort Worth July 17, 2014, no pet.) (per curiam) (mem. op., not designated for publication); *Spencer v. State*, No. 02-13-00211-CR, 2014 WL 491775, at *1 (Tex. App.—Fort Worth Feb. 6, 2014, no pet.) (per curiam) (mem. op., not designated for publication); *Lynch v. State*, No. 02-11-00438-CR, 2013 WL 709067, at *1 (Tex. App.—Fort Worth Feb. 28, 2013, pet. ref'd) (mem. op., not designated for publication); *Edwards v. State*, No. 02-11-00107-CR, 2012 WL 745421, at *1 (Tex. App.—Fort Worth Mar. 8, 2012, no pet.) (mem. op., not designated for publication);

---

[6]We review an order revoking probation for an abuse of discretion. *Rickels*, 202 S.W.3d at 763; *Cardona*, 665 S.W.2d at 493.

4

*English v. State*, No. 2-02-369-CR, 2003 WL 21513621, at *3 (Tex. App.—Fort Worth July 3, 2003, no pet.) (per curiam) (mem. op., not designed for publication); *see also Tapia v. State*, 462 S.W.3d 29, 31 n.2 (Tex. Crim. App. 2015) (recognizing rule in deferred adjudication context); *Ochoa v. State*, No. 02-23-00225-CR, 2024 WL 1792771, at *1 (Tex. App.—Fort Worth Apr. 25, 2024, no pet.) (mem. op., not designated for publication) (same). Given this well-established rule, Quinonez's sufficiency complaint is meritless, and we overrule it.

### III. Conclusion

Having overruled Quinonez's sole issue, we affirm the trial court's judgment. *See* Tex. R. App. P. 43.2(a).

/s/ Bonnie Sudderth

Bonnie Sudderth
Chief Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: February 27, 2025