# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-24-00333-CR

---

**Scott Edward O'Neill, Appellant**

**v.**

**The State of Texas, Appellee**

---

### FROM THE COUNTY COURT AT LAW OF BURNET COUNTY
### NO. M39724, THE HONORABLE CODY HENSON, JUDGE PRESIDING

---

## M E M O R A N D U M   O P I N I O N

A jury found appellant Scott Edward O'Neill guilty of misdemeanor assault by causing bodily injury to a member of his family. *See* Tex. Penal Code § 22.01(a)(1). The jury assessed appellant's punishment at 365 days' confinement in county jail, found that he had never been convicted of a felony, and recommended that his sentence be suspended and that he be placed on community supervision. *See* Tex. Code Crim. Proc. art. 42A.055 (governing jury-recommended community supervision). The trial court sentenced appellant in accordance with the jury's recommendation, suspended his sentence, and placed him on community

supervision for a period of fifteen months.[1]  Appellant, appearing pro se, filed a notice of appeal from his conviction and sentence.[2]

Appellant's brief was originally due by October 28, 2024, but no brief or motion for extension of time was filed.  The Clerk of the Court sent written notice to appellant, informing him that his brief was overdue and advising him that if the Court did not receive a motion for extension of time or a brief accompanied by a motion for extension of time on or before January 27, 2025, the cause would be submitted for consideration on the record alone.  On January 26th, appellant filed a motion for extension of time to file his brief.  We granted his motion and, in a second written notice, advised him that if his brief was not received by March 28, 2025, the appeal would be considered on the record alone and that additional requests for extension of time would be strongly disfavored.  To date, no brief or further motion for extension of time has been received.

Rule 38.8 of the Texas Rules of Appellate Procedure provides that, under certain circumstances, an appellate court in a criminal case may consider an appeal without briefs, "as justice may require."  Tex. R. App. P. 38.8(b)(4); *see* Tex. Code Crim Proc. art. 44.33(b) (providing that appellant's failure to file brief shall not authorize dismissal of appeal); *Lott v. State*, 874 S.W.2d 687, 688 (Tex. Crim. App. 1994) (applying predecessor to Rule 38.8); *Burton v. State*, 267 S.W.3d 101, 103 (Tex. App.—Corpus Christi–Edinburg 2008, no pet.) (explaining that analysis from *Lott* also applies under Rule 38.8); *see also Coleman v. State*,

---

[1]  Although the judgment recites that appellant was placed on probation, the terms "probation" and "community supervision" are used interchangeably under Texas law. *See Shortt v. State*, 539 S.W.3d 321, 322 n.1 (Tex. Crim. App. 2018).

[2]  The trial court appointed counsel to represent appellant at trial but denied his application for appointed appellate counsel.

774 S.W.2d 736, 738–39 (Tex. App.—Houston [14th Dist.] 1989, no pet.) (affirming conviction on record alone, noting that no appellant's brief had been filed more than one year after trial, and stating that "justice requires" that exercise of right of appeal be held within framework of rules of appellate procedure).

In those circumstances, appellate courts review the record for the presence of unassigned fundamental error. *See Burton*, 267 S.W.3d at 103. The Court of Criminal Appeals has explained that the following types of errors are fundamental: (1) denial of the right to counsel; (2) denial of the right to a jury trial; (3) denial of ten days' preparation before trial for appointed counsel; (4) absence of jurisdiction over the defendant; (5) absence of subject-matter jurisdiction; (6) prosecution under a statute that violates the separation-of-powers provision of the Texas Constitution; (7) jury-charge errors resulting in egregious harm; (8) trials being held in a location other than the county seat; (9) prosecution under an ex post facto law; and (10) comments made by a trial judge that taint the presumption of innocence. *Saldano v. State*, 70 S.W.3d 873, 887–89 (Tex. Crim. App. 2002).

Appellant has been given lengthy extensions of time to file an appellate brief but has failed "to make any arrangements for filing a brief." *See* Tex. R. App. P. 38.8(b)(4). Therefore, we submitted the case without briefs and, having reviewed the record in this appeal, find no unassigned fundamental error.[3] *See id.*; *Lott*, 874 S.W.2d at 688. We affirm the trial court's judgment of conviction.

---

[3] No reporter's record was filed in this appeal. Although appellant was given notice of the record's absence and a reasonable opportunity to cure, he failed to pay or make arrangements to pay for preparation of the reporter's record. *See* Tex. R. App. P. 37.3(c) (allowing appellate court to "decide those issues or points that do not require a reporter's record").

_____

Maggie Ellis, Justice

Before Chief Justice Byrne, Justices Kelly and Ellis

Affirmed

Filed:   August 22, 2025

Do Not Publish

4