Keith Wayne **DALBOSCO**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 06–97–00034–CR.

Court of Appeals of Texas, Texarkana.

Submitted Aug. 17, 1998.

Decided Aug. 18, 1998.

Stanley G. Schneider, Schneider & McKinney, P.C., Houston, for appellant.

Keli Pool Roper, Assistant District Attorney, Houston, for appellee.

Before CORNELIUS, C.J., and GRANT and ROSS, JJ.

## OPINION

GRANT, Justice.

Keith Dalbosco appeals from his conviction for aggravated assault. He was sentenced to two years imprisonment, probated for five years, and a $500.00 fine. He contends on appeal that the trial court committed error by failing to permit him to make a bill of exceptions at the hearing on his motion for new trial.

The complainant, Larry McCoy, testified that he and Dalbosco were involved in a traffic-related argument that threatened to turn violent when Dalbosco pulled a knife out of his pocket while engaging in a yelling-and-staring match with McCoy in a Wal–Mart parking lot. Dalbosco admitted carrying the knife, but testified that he never showed it to McCoy. Officer Daigle responded to a call, questioned Dalbosco, and arrested him. Daigle found the knife in Dalboscos pocket and took the knife from him. Daigle then went to McCoy and asked him to describe the knife, which he did.

The motion for new trial was based in part upon allegations that the police officer who arrested Dalbosco had been dismissed, allegedly for reasons including lying. Dalboscos investigator had attempted to obtain the offi-

cers personnel file from the city, which refused to produce except by court order. The court directed production for an in-camera inspection, and after reviewing the documents, returned them to the city. The court explicitly refused to make a copy available for the record, stating that the information that could have been obtained was available without looking at the personnel files.

In a published order,[1] this Court directed the trial court to obtain a copy of the documents at issue, to review them to ensure that they were the same records presented at trial, to file the documents under seal, and to order the district clerk to transmit the documents to this Court for review. The personnel file has now been filed with this Court, and counsel has filed a supplemental brief.

■ Dalbosco contends that reversible error is shown because the prosecutor did not provide the information contained in the file before trial under constitutional requirements as set out in *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963); *Thomas v. State*, 841 S.W.2d 399 (Tex.Crim. App.1992). Under the present rule, the Due Process Clause of the Fourteenth Amendment to the United States Constitution is violated when a prosecutor fails to disclose evidence favorable to the accused that creates a probability sufficient to undermine confidence in the outcome of the proceeding. *Thomas v. State*, 841 S.W.2d at 404. The court further states in the *Thomas* case that this disclosure refers to both exculpatory and impeachment evidence. *Thomas v. State*, 841 S.W.2d at 404.

■ In the present case, the State suggests that the court ruled correctly because—as the trial judge stated—the information about the officers termination was available to the public. There is no general public records exception to the *Brady* rule. *Chavis v. North Carolina*, 637 F.2d 213, 225 (4th Cir.1980). Documents, however, that are a part of public records are not deemed suppressed by the State if defense counsel should know of them and fails to obtain the records because of a lack of diligence in his own investigation. *United States v. Payne*,

63 F.3d 1200, 1208 (2nd Cir.1995); *United States v. White*, 970 F.2d 328, 337 (7th Cir. 1992). The necessary inquiry is whether the defendant knew or should have known facts that would have allowed him to access the undisclosed evidence. *Payne*, 63 F.3d at 1208. We find no indication from the record that the defense counsel should have been aware of this situation at a time when he could have used the information to prepare for trial.

We have reviewed the file to determine whether it in any way supports Dalboscos contention that *Brady* error occurred as a result of the prosecutors failure to provide the information. The information contained within the file does not directly relate to this prosecution. However, the file reflects that the Chief of Police of the Tomball Police Department in his notice terminating Joe Daigle listed one of the grounds for his dismissal was that he had made statements, both oral and written, which were untrue.

■ At the guilt or innocence stage, admissibility of evidence of a witness's character is limited under Rules 607, 608, and 609 of Texas Rules of Criminal Evidence. Specific instances of the conduct of a witness in order to attack his credibility, other than a conviction of a crime as provided for in Rule 609, may not be inquired into on cross-examination of the witness, nor proved by extrinsic evidence.

In the present case, the unrevealed information undermined Daigles work as a police officer, which is significant because he was testifying in this case about matters involving his functioning in his capacity as a police officer. However, in *Lagrone v. State*, the Court of Criminal Appeals held that the affirmative duty to disclose all material, exculpatory evidence did not create a duty to turn over evidence that would be inadmissible at trial. *Lagrone v. State*, 942 S.W.2d 602 (Tex. Crim.App.), *cert. denied*, —— U.S. ——, 118 S.Ct. 305, 139 L.Ed.2d 235 (1997). As discussed above, the Rules of Evidence would not permit impeachment of a witness by specific instances of conduct of the witness;

---

1. *Dalbosco v. State*, 960 S.W.2d 901 (Tex.App.Texarkana 1997).

therefore, this evidence would not have been admissible.

In civil cases, the scope of discovery goes not only to find admissible evidence, but also information which appears reasonably calculated to lead to the discovery of admissible evidence. Tex.R. Civ. P. 166b(1)(a).

■ In the present case, if the civil rule were applicable, the information in question could have led to the defense counsel calling the police chief or other police officers for their opinion of the truthfulness of Daigle. Such an opinion is admissible under Rule 608(a)(1) of the Rules of Evidence. Because impeachment is considered as an important reason for revealing information under the *Brady* case and the *Thomas* case, the Texas Court of Criminal Appeals may want to consider this change in the future. Evidence going to the credibility of the witness should be disclosed because the jury's estimate of truthfulness and reliability may well determine guilt or innocence. *Garcia v. State*, 704 S.W.2d 495 (Tex.App.Corpus Christi 1986, no pet.). However, we are bound by the Court of Criminal Appeals ruling in *Lagrone v. State*, which requires the material itself to be admissible in evidence.

■ The determination that the documents in question would not have been admissible in evidence is dispositive of this case. However, we shall also discuss whether reversal would be required even if this evidence had been admissible.

■ Under the requirements set out in *Thomas v. State*, 841 S.W.2d at 404, we must determine whether the undisclosed evidence creates a probability sufficient to undermine confidence in the outcome of the proceeding. To determine whether reversal would have been proper, we must determine whether the evidence creates a probability sufficient to undermine confidence in the outcome of the proceeding.

In the evidence presented in the trial of this case, the crucial evidence establishing the elements of the case against Dalbosco was the complainant Larry McCoy. Officer Daigle did not witness the incident, and the only crucial evidence presented by Daigle was that the described knife was found in Dalbosco's pocket; however, Dalbosco admitted carrying the knife but testified that it was not drawn on McCoy. Therefore, the possession of the knife was not disputed evidence in the case. Officer Daigle also testified that McCoy described the knife before Daigle showed him the knife that was found on Dalbosco. This does confirm McCoy's testimony, but is duplicitous of the same testimony given by McCoy.

Because Officer Daigle's testimony was not crucial to establishing the case against Dalbosco, we do not find that the absence of the credibility impeachment evidence creates a probability sufficient to undermine the confidence and the outcome of this proceeding.

■ Dalbosco also contends that the court erred by denying his motion for new trial based upon this evidence. To obtain a new trial because of newly discovered evidence, an appellant must show: (1) the newly discovered evidence was unknown to the movant at the time of trial; (2) the failure to discover the evidence was not due to his want of diligence; (3) the evidence is admissible and not merely cumulative, corroborative, collateral, or impeaching; and (4) the evidence is probably true and would probably bring about a different result in another trial. *Moore v. State*, 882 S.W.2d 844, 849 (Tex. Crim.App.1994); *Tuffiash v. State*, 948 S.W.2d 873, 879 (Tex.App.San Antonio 1997, review refused).

■ The granting or denying of a motion for new trial is within the discretion of the trial court. We do not substitute our judgment for that of the trial court, but rather decide whether the trial court's decision was arbitrary or unreasonable. *Lewis v. State*, 911 S.W.2d 1, 7 (Tex.Crim.App.1995); *State v. Gonzalez*, 855 S.W.2d 692, 696 (Tex. Crim.App.1993). Motions for new trial based on newly discovered evidence are not favored by the courts and are viewed with great caution. *Drew v. State*, 743 S.W.2d 207, 225–26 (Tex.Crim.App.1987).

For the same reasons set forth in our ruling on the prosecutors failure to disclose, we conclude that the trial judge did not err by overruling the motion for a new trial.

This motion dealt with the discovery of the reasons for Daigles termination. Because we have determined that this evidence would not be admissible for impeachment of the character of the officer, and because we have determined that this was not of such a nature as to have probably resulted in a different result of the trial even if it had been admissible, we find that the trial court did not abuse its discretion in denying the motion for new trial.

The judgment is affirmed.