

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. PD-0710-18

**JESSE GALINDO DELAFUENTE, Appellant**

**v.**

**THE STATE OF TEXAS**

**ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW FROM THE TENTH COURT OF APPEALS McLENNAN COUNTY**

**KELLER, P.J., delivered the opinion for a unanimous Court.**

In this case, we address what happens to a timely filed notice of appeal from an original judgment of conviction when a trial court subsequently grants "shock probation." We hold that the granting of shock probation—even if labeled a "judgment"—does not undermine the validity of a timely filed notice of appeal from the original conviction.

## I. BACKGROUND

Appellant was convicted of evading arrest or detention with a vehicle and sentenced to ten years in prison. The trial court pronounced its sentence on October 31, 2016. On November, 8,

2016, Appellant filed a notice of appeal from the judgment of conviction. Appellant later filed a motion for "shock probation," and on February 20, 2017, the trial court granted that motion. On May 2, 2017, Appellant filed a second notice of appeal. The second notice referred to his prior notice of appeal and stated that he "maintained his pursuit of his appeal thereafter." The notice further stated, "in the interest of clarity, the Defendant in the above cause, hereby gives additional Notice of Appeal from the Judgment and Sentence entered in the above entitled and numbered cause."

Appellant's brief on appeal raised challenges to the original conviction. He challenged the constitutionality of the statute under which he was convicted, he raised a voir dire complaint, he complained about being deprived of cross-examination at the guilt stage of trial, and he argued that the trial court should have granted his motion for new trial because the State had withheld exculpatory evidence.

The court of appeals held that the trial court had entered a new judgment when it granted shock probation.[1] The court of appeals further concluded that this new judgment rendered the original judgment of conviction moot.[2] Because the original judgment was moot, the court of appeals found that the timely filing of a notice of appeal from that judgment was of no consequence.[3] And because Appellant's second notice of appeal was filed more than 30 days after the judgment granting shock probation, the court of appeals found that second notice of appeal to be untimely.[4]

---

[1] *Delafuente v. State*, No. 10-16-00376-CR, 2018 Tex. App. LEXIS 4765, *1 (Tex. App.–Waco June 27, 2018) (not designated for publication).

[2] *Id.* at *1-2.

[3] *Id.* at *2.

[4] *Id.* at *3.

The court of appeals dismissed the appeal.[5]

## II. ANALYSIS

Appellant now contends that the court of appeals erred in dismissing his appeal, and the State agrees. We also agree.

In *Shortt v. State*, we held that the statutory probation scheme authorizes the appeal of the conditions of probation in an order granting shock probation.[6] We observed that the relevant statute contemplates that shock probation "will be granted pursuant to an order on a motion, brought by either party or by the trial court *sua sponte*, well after the written judgment has been entered" and that the "statutory scheme does not contemplate that the trial court enter a new judgment."[7]

Later, in *Smith v. State*, we held that a defendant who files a timely notice of appeal from his judgment of conviction must file a new notice of appeal to complain about the conditions of probation imposed in a later shock probation order.[8] We reasoned that shock probation is imposed pursuant to an order, not a judgment, and that a trial court has no authority to issue a new judgment when more than 75 days have passed since the original judgment was pronounced.[9] Even when an order imposing shock probation is labeled as a new judgment, it is nevertheless an "order."[10] And the "appeal of an order granting shock probation is independent of an appeal from adjudication and

---

[5] *Id.* at *3-4.

[6] 539 S.W.3d 321, 324-26 (Tex. Crim. App. 2018).

[7] *Id.* at 324.

[8] 559 S.W.3d 527, 531 (Tex. Crim. App. 2018).

[9] *Id.* at 532-33 & n.20.

[10] *Id.* at 533.

sentencing. It is a separate appeal of a separate appealable order, with its own appellate timetable," which "requires a separate notice of appeal."[11]

The conclusion in *Smith* that an appeal of shock probation is independent of the appeal of the original conviction necessarily means that the subsequent granting of shock probation does not undo the timely filing of a notice of appeal from the original judgment of conviction.[12] This is true even if the granting of shock probation is labeled a "judgment" because, despite the label, the granting of shock probation is an appealable "order" separate from the judgment of conviction. And Appellant's claims on appeal all attack the original judgment of conviction, not the order of shock probation. Consequently, the court of appeals should have addressed those claims.

We reverse the judgment of the court of appeals and remand the case to that court for further proceedings consistent with this opinion.

Delivered: April 10, 2019

Publish

---

[11] *Id.* at 536-37

[12] We do not mean to suggest that a convicted person could not expressly waive his right to appeal the original judgment of conviction during or after proceedings ultimately resulting in the granting of shock probation. No one has suggested that such a waiver occurred here.