

# IN THE
# TENTH COURT OF APPEALS

## No. 10-16-00376-CR

**JESSE GALINDO DELAFUENTE,**

**Appellant**

**v.**

**THE STATE OF TEXAS,**

**Appellee**

**From the 19th District Court**
**McLennan County, Texas**
**Trial Court No. 2016-419-C1**

## MEMORANDUM OPINION

Appellant, Jesse Galindo Delafuente, was convicted of evading arrest with a vehicle. *See* TEX. PENAL CODE ANN. § 38.04 (West 2016). On original submission, this Court dismissed appellant's appeal based on his failure to timely file his notice of appeal corresponding to a judgment granting shock probation and based on an analysis that the judgment granting shock probation mooted the original judgment of conviction. *See generally Delafuente v. State*, No. 10-16-00376-CR, 2018 Tex. App. LEXIS 4765 (Tex. App.—

Waco June 27, 2018) (mem. op., not designated for publication), *rev'd*, 570 S.W.3d 729 (Tex. Crim. App. 2019). The Court of Criminal Appeals reversed this Court's decision, holding that the granting of shock probation does not undermine the validity of a timely filed notice of appeal from the original conviction. *Delafuente*, 570 S.W.3d at 729. Accordingly, this case was remanded to this Court for consideration of appellant's issues. *Id.* at 731.

Both appellant and the State have declined to file new appellate briefs in this matter. Instead, they rely on the briefs filed on original submission. In his original brief, appellant contended that: (1) the operative statute in this case—section 38.04 of the Penal Code—is unconstitutional due to the ambiguity of the term "flee"; (2) the trial court erred by denying him the right to be heard during voir dire and cross-examination of the State's sole witness; and (3) the trial court abused its discretion by denying his motion for new trial based on the purported unlawful withholding of evidence. Because we overrule all of appellant's issues on appeal, we affirm.

## I. CONSTITUTIONALITY OF SECTION 38.04 OF THE PENAL CODE

In his first issue, appellant contends that section 38.04 is, on its face, unconstitutionally vague and overbroad. Appellant also asserts an as-applied challenge to section 38.04 on appeal. The record reflects that appellant made a single pre-trial objection to the constitutionality of section 38.04, asserting a facial challenge and that the

statute is vague and overbroad. Appellant did not assert an as-applied challenge to the constitutionality of section 38.04 in the trial court.

Constitutional challenges to a statute are generally forfeited by the failure to object at trial. *Curry v. State*, 910 S.W.2d 490, 496 & n.2 (Tex. Crim. App. 1995); *see Mendez v. State*, 138 S.W.3d 334, 342 (Tex. Crim. App. 2004). The constitutionality of a statute as applied must be raised in the trial court to preserve error. *Curry*, 910 S.W.2d at 496; *see Flores v. State*, 245 S.W.3d 432, 437 n.14 (Tex. Crim. App. 2008) (noting the "well-established requirement that appellant must preserve an 'as applied' constitutional challenge by raising it at trial"). Further, a defendant may not raise a facial challenge to the constitutionality of a statute for the first time on appeal. *Kareney v. State*, 281 S.W.3d 428, 434 (Tex. Crim. App. 2009).

As noted above, appellant did not raise an as-applied challenge to section 38.04 in the trial court; accordingly, we cannot say that he has preserved this complaint. *See Curry*, 910 S.W.2d at 496; *see also Flores*, 245 S.W.3d at 437 n.14. However, because he did assert a facial challenge to the statute in the trial court, we conclude that his arguments in support of his facial challenge to the constitutionality of the statute were preserved. *See Kareney*, 281 S.W.3d at 434.

With regard to his facial challenge, appellant argues that the statute is overbroad and vague. "Whether a statute is facially constitutional is a question of law that we review de novo." *Ex parte Lo*, 424 S.W.3d 10, 14 (Tex. Crim. App. 2013). We presume that

a statute is valid and that the legislature did not act unreasonably or arbitrarily. *Id.* at 14-15. "The burden normally rests upon the person challenging the statute to establish its unconstitutionality." *Id.* at 15. In the absence of contrary evidence, we will presume that the legislature acted in a constitutionally-sound fashion. *Rodriguez v. State*, 93 S.W.3d 60, 69 (Tex. Crim. App. 2002). The statute must be upheld if a reasonable construction can be ascertained that will render the statute constitutional and carry out the legislative intent. *Shaffer v. State*, 184 S.W.3d 353, 363 (Tex. App.—Fort Worth 2006, pet. ref'd); *see Ely v. State*, 582 S.W.2d 416, 419 (Tex. Crim. App. [Panel Op.] 1979). When an appellant challenges a statute as both unconstitutionally overbroad and vague, we address the overbreadth challenge first. *Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc.*, 455 U.S. 489, 494, 102 S. Ct. 1186, 1191, 71 L. Ed. 2d 362 (1982); *Duncantell v. State*, 230 S.W.3d 835, 843 (Tex. App.—Houston [14th Dist.] 2007, pet. ref'd).

"An overbreadth attack on a statute is recognized only in the context of a First Amendment challenge." *Goyzueta v. State*, 266 S.W.3d 126, 131 (Tex. App.—Fort Worth 2008, no pet.) (citing *United States v. Salerno*, 481 U.S. 739, 107 S. Ct. 2095, 95 L. Ed. 2d 697 (1987)); *see State v. Johnson*, 475 S.W.3d 860, 866 (Tex. Crim. App. 2015) ("And in *Secretary of Maryland v. Joseph H. Munson Co.*, the United States Supreme Court made it clear that the overbreadth doctrine is in fact a part of substantive First Amendment law . . . ." (internal footnote omitted)). Because appellant does not invoke the First Amendment in this issue, and because he does not explain how the statute could implicate protected

conduct or speech, we reject appellant's overbreadth challenge to section 38.04. *See Goyzueta*, 266 S.W.3d at 131; *see also Johnson*, 475 S.W.3d at 866.

In light of the above, the remaining portion of appellant's first issue is his argument that section 38.04 is facially unconstitutionally vague. With respect to vagueness, statutes are not necessarily unconstitutionally vague because the words or terms employed in the statute are not specifically defined. *See Engelking v. State*, 750 S.w.2d 213, 215 (Tex. Crim. App. 1988); *see Dahl v. State*, 707 S.W.2d 694, 700 (Tex. App.—Austin 1986, pet. ref'd) ("That the statute is confusing is not enough to render it unconstitutional."); *see also Briggs v. State*, 740 S.W.2d 803, 806 (Tex. Crim. App. 1987) ("An enactment is not vague merely because it is imprecise." (internal citations & quotations omitted)). When a statute does not define the words used therein, we give the words their plain meaning. *See Parker v. State*, 985 S.W.2d 460, 464 (Tex. Crim. App. 1999); *see also* TEX. GOV'T CODE ANN. § 311.011(a) (West 2013) ("Words and phrases shall be read in context and construed according to the rules of grammar and common usage."). A statute will be invalidated if it fails to give a person of ordinary intelligence a reasonable opportunity to know what conduct is prohibited. *See State v. Holcombe*, 187 S.W.3d 496, 499 (Tex. Crim. App. 2006).

Moreover, because appellant makes a facial challenge to the statute, he must prove that the statute is unconstitutional in every application, and that the statute could never be constitutionally applied to any defendant under any set of facts or circumstances. *See*

*State v. Rosseau*, 396 S.W.3d 550, 557 (Tex. Crim. App. 2013); *Santikos v. State*, 836 S.W.2d 631, 633 (Tex. Crim. App. 1992). Furthermore, if we determine that there is a reasonable construction which will render the statute constitutional, we must uphold the statute. *Tarlton v. State*, 93 S.W.3d 168, 175 (Tex. App.—Houston [14th Dist.] 2002, pet. ref'd).

Fatal to his facial vagueness challenge, appellant cites to numerous cases—many of which we cite to—that performed a sufficiency analysis of the evading statute and, as appellant concedes, "[u]nder such circumstances, the behavior of the accused conforms with the plain meaning of the word 'flee' as that term is defined by the dictionary." *See Smith v. State*, 483 S.W.3d 648, 654-55 (Tex. App.—Houston [14th Dist.] 2015, no pet.); *Reyes v. State*, 465 S.W.3d 801, 805-06 (Tex. App.—Eastland 2015, pet. ref'd); *Jenkins v. State*, 454 S.W.3d 712, 713-15 (Tex. App.—Corpus Christi 2015, no pet.); *see also Blake v. State*, No. 06-11-00097-CR, 2012 Tex. App. LEXIS 926, at **18-21 (Tex. App.—Texarkana Feb. 2, 2012, pet. ref'd) (mem. op., not designated for publication); *Tolbert v. State*, No. 08-10-00096-CR, 2011 Tex. App. LEXIS 6842, at **9-10 (Tex. App.—El Paso Aug. 26, 2011, pet. ref'd) (mem. op., not designated for publication); *Valencia v. State*, 13-10-00201-CR, 2011 Tex. App. LEXIS 3815, at **20-22 (Tex. App.—Corpus Christi May 19, 2011, no pet.) (mem. op., not designated for publication); *Holloman v. State*, No. 06-10-00113-CR, 2011 Tex. App. LEXIS 1954, at **5-7 (Tex. App.—Texarkana Mar. 18, 2011, no pet.) (mem. op., not designated for publication); *Garcia v. State*, No. 13-07-00566-CR, 2010 Tex. App. LEXIS 826, at **3-6 (Tex. App.—Corpus Christi Feb. 4, 2010, no pet.) (mem. op., not designated

for publication).   This concession demonstrates that there are circumstances in which section 38.04 can be constitutionally applied and that the term "flee" is not so vague that it fails to give a person of ordinary intelligence a reasonable opportunity to know what conduct is prohibited.   *See Rosseau*, 396 S.W.3d at 557; *Holcombe*, 187 S.W.3d at 499; *Santikos*, 836 S.W.2d at 633; *see also Tarlton*, 93 S.W.3d at 175.   Therefore, based on the foregoing, we reject appellant's constitutional challenges to section 38.04.   *See Ex parte Lo*, 424 S.W.3d at 14-15.   We overrule his first issue.

## II.   APPELLANT'S RIGHT TO BE HEARD

In his second issue, appellant argues that he was unfairly denied the right to be heard regarding appellant's intent.   In particular, appellant asserts that his theory of the case was that his actions did not demonstrate an intent to "flee"; however, the trial court denied him the opportunity during voir dire and on cross-examination of the State's sole witness to explore other viable reasons for appellant's failure to immediately pull over to be considered by the jury.

We first address appellant's complaint about voir dire.   Specifically, appellant argues that he was not allowed to explore the beliefs of the jury regarding the elements of intent and flight.

> The trial court has broad discretion of selecting a jury.  Without the trial court's ability to impose reasonable limits, voir dire could go on indefinitely.  Thus, we leave to the trial court's discretion the propriety of a particular question and will not disturb the trial court's decision absent an abuse of discretion.  A trial court abuses its discretion when it prohibits a proper question about a proper area of inquiry.  A question is proper if it

seeks to discover a juror's views on an issue applicable to the case. However, an otherwise proper question is impermissible if the question attempts to commit the juror to a particular verdict based on particular facts. In addition, a trial judge may prohibit a voir dire question that is so vague or broad in nature as to constitute a global fishing expedition.

*Sells v. State*, 121 S.W.3d 748, 755-56 (Tex. Crim. App. 2003) (internal footnotes omitted).

In this case, the State objected that appellant asked the venire improper commitment questions regarding intent and flight.

A commitment question is one that commits a prospective juror to resolve, or refrain from resolving, an issue a certain way after learning a particular fact. *See Standefer v. State*, 59 S.W.3d 177, 179 (Tex. Crim. App. 2001). Often a commitment question requires a "yes" or "no" answer, and the answer commits the juror to resolve an issue in a particular way. *Id.* Not all such questions are improper, however. *Id.* at 181. Where the law requires a certain type of commitment from jurors, such as considering the full range of punishment, an attorney may ask prospective jurors to commit to following the law in that regard. *Id.*

*Hernandez v. State*, 390 S.W.3d 310, 315 (Tex. Crim. App. 2012); *see Standefer*, 59 S.W.3d at 182 ("So, the inquiry for improper commitment questions has two steps: (1) Is the question a commitment question, and (2) Does the question include facts—and only those facts—that lead to a valid challenge for cause? If the answer to (1) is 'yes' and the answer to (2) is 'no,' then the question is an improper commitment question, and the trial court should not allow the question.").

In the instant case, the trial court allowed appellant ten pages of voir dire about intent, and it was not until appellant asked if the officer says, "Stay . . . Jesse leaves the space . . . [h]is intention is not to run away, hide from the officer. His intention is to get

somewhere safe . . . [d]o you believe that that is evading?" that the State objected. This question asked the venire to commit to whether the hypothetical factual situation involving appellant would constitute evading. This was improper because it attempted to commit the prospective jurors to a particular verdict based on particular facts. *See Sells*, 121 S.W.3d at 755-56; *Lydia v. State*, 109 S.W.3d 495, 499 (Tex. Crim. App. 2003) (concluding that the question, "Do each of you feel as though you could evaluate a witness and his testimony and decide if he's being truthful without automatically dismissing his testimony because of some criminal history?," was an improper commitment question because it asked the jurors to resolve witness credibility, which was an issue in the case, based on the knowledge that the witness had a criminal history (particular fact)); *Standefer*, 59 S.W.3d at 181; *see also Wingo v. State*, 143 S.W.3d 178, 186 (Tex. App.—San Antonio 2004), *aff'd*, 189 S.W.3d 270 (Tex. Crim. App. 2006) (concluding that the question, "Do you believe there's anything wrong with putting false information in a police report?," was an improper commitment question because it committed the venire regarding culpability based on a specific fact—an officer putting false information in a police report).

Next, appellant complains about the trial court sustaining the State's objection during cross-examination of the State's lone witness, Officer Kevin Carter of the Lacy Lakeview Police Department, but formerly of the Waco Police Department. In particular, the following exchange is the subject of appellant's complaint:

[Defense counsel]: In Texas[,] we train officers because just the smell of alcohol alone—

[Prosecutor]: Judge, I'm going to object at this point to relevance. We've gone over why he didn't make the DWI arrest.

[Defense counsel] Judge, the issue here—

THE COURT: Sustain the objection. These facts are already before the jury. He said it wasn't a DWI investigation. Let's ask questions about this trial.

We review the trial court's admission or exclusion of evidence for an abuse of discretion. *De La Paz v. State*, 279 S.W.3d 336, 343 (Tex. Crim. App. 2009). If the trial court's ruling is within the zone of reasonable disagreement, there is no abuse of discretion. *Prible v. State*, 175 S.W.3d 724, 731 (Tex. Crim. App. 2005). We consider the ruling in light of what was before the trial court at the time the ruling was made and uphold the trial court's decision if it lies within the zone of reasonable disagreement. *Billodeau v. State*, 277 S.W.3d 34, 39 (Tex. Crim. App. 2009).

The Confrontation Clause of the Sixth Amendment to the United States Constitution provides that, "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him." U.S. CONST. amend. VI. This procedural guarantee applies to both federal and state prosecutions. *Pointer v. Texas*, 380 U.S. 400, 403, 85 S. Ct. 1065, 1067-68, 13 L. Ed. 2d 923 (1965); *De La Paz v. State*, 273 S.W.3d 671, 680 (Tex. Crim. App. 2008).

The Sixth Amendment protects the defendant's right not only to confront the witnesses against him, but to cross-examine them as well. *See Davis v. Alaska*, 415 U.S. 308, 316, 94 S. Ct. 1105, 1110, 39 L. Ed. 347 (1974). "The exposure of a witness' motivation in testifying is a proper and important function of the constitutionally protected right of cross-examination." *Davis*, 415 U.S. at 316-17; 94 S. Ct. at 1110. The accused is entitled to great latitude to show a witness' bias or motive to falsify his testimony. *See Hodge v. State*, 631 S.W.2d 754, 758 (Tex. Crim. App. [Panel Op.] 1982).

However, the right of cross-examination is not unlimited. The trial court retains wide latitude to impose reasonable limits on cross-examination. *See Delaware v. Van Arsdall*, 475 U.S. 673, 678, 106 S. Ct. 1431, 1434-35, 89 L. Ed. 674 (1986). The trial court must carefully consider the probative value of the evidence and weigh it against the risks, if admitted. *See Hodge*, 631 S.W.2d at 758. These risks include "the possibility of undue prejudice, embarrassment or harassment to either a witness or a party, the possibility of misleading or confusing a jury, and the possibility of undue delay or waste of time." *Id.*; *see Lopez v. State*, 18 S.W.3d 220, 222 (Tex. Crim. App. 2000); *see also Chambers v. State*, 866 S.W.2d 9, 27 (Tex. Crim. App. 1993). Moreover, "the Confrontation Clause guarantees an opportunity for effective cross-examination, not cross-examination that is effective in whatever way, or to whatever extent, the defense might wish." *Delaware v. Fensterer*, 474 U.S. 15, 20, 106 S. Ct. 292, 294, 88 L. Ed. 15 (1985) (emphasis in original); *see Walker v. State*, 300 S.W.3d 836, 844-45 (Tex. App.—Fort Worth 2009, pet. ref'd).

In this case, appellant was not charged with or arrested for driving while intoxicated; rather, he was charged with evading arrest with a motor vehicle. Furthermore, there was no dispute regarding the legality of the initial detention in this case for stopping past the designated stopping point at a stop light. Because appellant was not investigated for driving while intoxicated, and because Officer Carter acknowledged that he did not investigate appellant for driving while intoxicated, questions regarding the training of officers of intoxication offenses are not relevant to whether appellant evaded arrest with a motor vehicle and, thus, would have caused undue delay.[1] *See* TEX. R. EVID. 401 (providing that evidence is relevant if it has any tendency to make more probable or less probable the existence of a consequential fact); *Webb v. State*, 991 S.W.2d 408, 418 (Tex. App.—Houston [14th Dist.] 1999, no pet.) (noting that "[i]f the trial court determines the evidence is irrelevant, the evidence is absolutely inadmissible and the trial court has no discretion to admit it" and that "[q]uestions of relevance should be left largely to the trial court and will not be reversed absent an abuse of discretion"); *see also Van Arsdell*, 475 U.S. at 678, 106 S. Ct. at 1434-35; *Lopez*, 18 S.W.3d at 222; *Chambers*, 866 S.W.2d at 27. Accordingly, we cannot say that the trial court abused its discretion in sustaining the State's objection to this line of questioning. *See De La Paz*, 279 S.W.3d at 343; *Prible*, 175 S.W.3d at 731.

---

[1] It is worth noting that, prior to the line of questioning complained about by appellant, the Reporter's Record reflects more than four pages of cross-examination allowed by the trial court about driving-while-intoxicated offenses.

And finally, appellant asserts that the trial court abused its discretion by sustaining the State's objection based on speculation to appellant's question to Officer Carter about appellant's arrest. Specifically, appellant complains that the trial court should not have sustained the State's objection to the following question: "His intent, therefore, wouldn't be to get away from you?" This question required Officer Carter to speculate as to appellant's intent and, thus, was impermissible because it was not based on Officer Carter's personal knowledge. *See Fairow v. State*, 943 S.W.2d 895, 899 (Tex. Crim. App. 1997) ("It is impossible for a witness to possess personal knowledge of what someone else is thinking. The individual is the only one who knows for certain the mental state with which he is acting. Therefore, if the trial court determines that a proffered lay-witness opinion is an attempt to communicate the actual subjective mental state of the actor, the court should exclude the opinion because it could *never* be based on personal knowledge." (emphasis in original) (internal citations omitted)). We therefore cannot conclude that the trial court abused its discretion in sustaining the State's objection to this question. *See id.* And based on the foregoing, we overrule appellant's second issue.

### III.    APPELLANT'S MOTION FOR NEW TRIAL

In his third issue, appellant complains that the trial court abused its discretion by denying his motion for new trial based on the alleged unlawful withholding of evidence that purportedly showed that Officer Carter was previously terminated from the Waco

Police Department for conduct which was allegedly similar to some of the facts of this offense.

We review a trial court's ruling on a motion for new trial under an abuse-of-discretion standard. *Webb v. State*, 232 S.W.3d 109, 112 (Tex. Crim. App. 2007). In conducting our review, we view the evidence in the light most favorable to the trial court's ruling and uphold the ruling if it is within the zone of reasonable disagreement. *Id.* (citing *Wead v. State*, 129 S.W.3d 126, 129 (Tex. Crim. App. 2004)). "We do not substitute our judgment for that of the trial court, but rather we decide whether the trial court's decision was arbitrary or unreasonable." *Id.* "Thus, a trial court abuses its discretion in denying a motion for new trial only when no reasonable view of the record could support the trial court's ruling." *Id.* (citing *Charles v. State*, 146 S.W.3d 204, 208 (Tex. Crim. App. 2004)).

The authority which provides many of the grounds for which a trial court must grant a new trial are listed in Texas Rule of Appellate Procedure 21.3. *See* TEX. R. APP. P. 21.3; *see also State v. Barragan*, 421 S.W.3d 16, 18 (Tex. App.—Waco 2013, pet. ref'd). However, Rule 21.3 is not an all-inclusive list. *See State v. Herndon*, 215 S.W.3d 901, 907 (Tex. Crim. App. 2007); *State v. Evans*, 843 S.W.2d 576, 578-79 (Tex. Crim. App. 1992).

> Historically, we have consistently held that a trial judge has the authority to grant a new trial "in the interest of justice" and that his decision to grant or deny a defendant's motion for new trial is reviewed only for an abuse of discretion. That discretion is not, however, unbounded or unfettered. A trial judge has discretion to grant or deny a motion for new trial "in the interest of justice," but "justice" means in accordance with the law.

. . .

> While a trial court has wide discretion in ruling on a motion for new trial which sets out a valid legal claim, it should exercise that discretion by balancing a defendant's "interest of justice" claim against both the interests of the public in finality and the harmless-error standards set out in Rule 44.2. Trial courts should not grant a new trial if the defendant's substantial rights were not affected. Otherwise, the phase "interest of justice" would have no substantive legal content, but constitute a mere platitude covering a multitude of unreviewable rulings.

*Herndon*, 215 S.W.3d at 907-08; *see State v. Thomas*, 428 S.W.3d 99, 105 (Tex. Crim. App. 2014) ("There must be some legal basis underpinning the grant of a new trial, even if it is granted in the interest of justice.").

On appeal, appellant argues that the trial court abused its discretion by denying his motion for new trial based on purported violations of Article 39.14 of the Code of Criminal Procedure and *Brady v. Maryland*, 373 U.S. 83, 83 S. Ct. 1194, 10 L. Ed. 2d 215 (1963). *See* TEX. CODE CRIM. PROC. ANN. art. 39.14 (West Supp. 2017). Specifically, appellant contends that the State failed to disclose evidence of Officer Carter being stopped by law enforcement and being terminated by the Waco Police Department due to the stop. Appellant further argues that the alleged evidence could have been used to impeach Officer Carter's testimony.[2]

---

[2] In support of this issue, appellant directs us to an affidavit executed by his appellate counsel that describes the purported stop of Officer Carter for the suspicion of driving while intoxicated. In this affidavit, counsel does not specifically mention the source of the information for the purported stop of Officer Carter. Rather, regarding the source of the information, counsel merely stated that: "After the verdict was rendered, defense investigation revealed that the sole witness for the state, Officer Kevin

We first address appellant's complaints under Article 39.14 of the Code of Criminal Procedure. This Court has previously stated the following regarding Article 39.14 complaints:

> For many years, criminal defendants have been entitled to limited discovery under Article 39.14 of the Texas Code of Criminal Procedure in addition to, and independent of, the constitutional right of access to exculpatory evidence explained in *Brady v. Maryland*. *Kinnamon v. State*, 791 S.W.2d 84, 91 (Tex. Crim. App. 1990), *overruled on other grounds by Cook v. State*, 884 S.W.2d 485, 491 (Tex. Crim. App. 1994) (citing *Brady v. Maryland*, 373 U.S. 83, 87, 83 S. Ct. 1194, 10 L. Ed. 2d 215 (1963)). Until 2014, Texas law required the defendant to file a motion and on the hearing thereof to show good cause to the trial court for the discovery of evidence from the State. However, the passage of the Michael Morton Act amended Article 39.14(a) to require that the State, upon a request of the defendant, produce "designated books, accounts, letters, photographs, or objects or other tangible things not otherwise privileged *that constitute or contain evidence material to any matter* involved in the action and that are in the possession, custody, or control of the state or any person under contract with the state." TEX. CODE CRIM. PROC. ANN. art. 39.14(a) (West Supp. 2018) (emphasis added).
>
> . . .
>
> [T]o establish that requested evidence is material, it is necessary that a defendant must provide more than a possibility that it would help the defense or affect the trial. *See Branum v. State*, 535 S.W.3d 217, 224-25 (Tex. App.—Fort Worth 2017, no pet.). Evidence must be "indispensable to the State's case" or must provide a reasonable probability that its production would result in a different outcome to be considered material and subject to mandatory disclosure under Article 39.14(a). *Branum*, 535 S.W.3d at 225; *see Ehrke v. State*, 459 S.W.3d 606, 611 (Tex. Crim. App. 2015) (Evidence is material if it affects the essential proof that the defendant committed the offense charged.); *Quinones v. State*, 592 S.W.2d 933, 941 (Tex. Crim. App. 1980).

Carter, was previously stopped, and detained by members of law enforcement under suspicion of Driving While Intoxicated."

*Carrera v. State*, 554 S.W.3d 800, 801-02 (Tex. App.—Waco 2018, no pet.).

Nothing in the record indicates that the traffic stop of Officer Carter resulted in an arrest or conviction. Indeed, in an affidavit, appellant's trial counsel acknowledged that: "Rather than arrest him [Officer Carter], law enforcement made the decision to allow him to park his vehicle and receive a ride home." Because this incident did not result in a conviction, it was not admissible at trial and, thus, was not material to the case. *See* TEX. R. EVID. 608(b), 609; TEX. CODE CRIM. PROC. ANN. art. 39.14(a); *see also Dalbosco v. State*, 978 S.W.2d 236, 238 (Tex. App.—Texarkana 1998, pet. ref'd) ("Specific instances of conduct of a witness in order to attack his credibility, other than a conviction of a crime as provided for in Rule 609, may not be inquired into on cross-examination of the witness, nor proved by extrinsic evidence."). Furthermore, given the inadmissibility of the complained-of evidence, it cannot be said that the evidence was indispensable to the State's case or provided a reasonable probability that its production would result in a different outcome, especially because the entirety of the offense was captured on video and was played for the jury, the facts of the case were not disputed, and because Officer Carter's credibility was not challenged in the case. *See* TEX. CODE CRIM. PROC. ANN. art. 39.14(h) (providing that the State "shall disclose to the defendant any exculpatory, impeachment, or mitigating document, item, or information in the possession, custody, or control of the state that tends to negate the guilt of the defendant or would tend to reduce the

punishment for the offense charged"); *see also Ehrke*, 459 S.W.3d at 611; *Quinones*, 592 S.W.2d at 941; *Carrera*, 554 S.W.3d at 801-02; *Branum*, 535 S.W.3d at 225.

Next, we address appellant's *Brady* complaint, which mirrors the contention he made in reference to Article 39.14 of the Code of Criminal Procedure. *Brady* requires the prosecution to disclose evidence that is favorable to the accused when that evidence is material to guilt or punishment. *See* 373 U.S. at 87, 83 S. Ct. at 1196-97. To establish a *Brady* violation, appellant must demonstrate that: (1) the State failed to disclose evidence, regardless of the prosecution's good or bad faith; (2) the withheld evidence is favorable to the defendant; and (3) the evidence is material. *See Ex parte Miles*, 359 S.W.3d 647, 655 (Tex. Crim. App. 2012); *see also Harm v. State*, 183 S.W.3d 403, 406 (Tex. Crim. App. 2006) (internal citations omitted). "Incorporated into the third prong, materiality, is a requirement that defendant must be prejudiced by the state's failure to disclose the favorable evidence." *Harm*, 183 S.W.3d at 406 (internal citation omitted). "Additionally, we require that the evidence central to the *Brady* claim be admissible in court." *Ex parte Miles*, 359 S.W.3d at 665 (citing *Ex parte Kimes*, 872 S.W.2d 700, 703 (Tex. Crim. App. 1993)).

As mentioned above, the complained-of evidence did not result in a conviction and, thus, under Texas Rules of Evidence 608 and 609, would not be admissible at trial. *See* TEX. R. EVID. 608, 609; *see also Dalbosco*, 978 S.W.2d at 238. As such, "[a] prosecutor does not have a duty to turn over evidence that would be inadmissible at trial." *Ex parte Kimes*, 872 S.W.2d at 703. Furthermore, it cannot be said that the complained-of evidence

is material because the entirety of appellant's offense was captured on video and was played for the jury, the facts of appellant's case were not disputed, and because Officer Carter's credibility was not challenged in the case. Accordingly, we do not find a *Brady* violation with regard to the complained-of evidence. *See Brady*, 373 U.S. at 87, 83 S. Ct. at 1196-97; *Ex parte Miles*, 359 S.W.3d at 665; *Ex parte Kimes*, 872 S.W.2d at 703; *Dalbosco*, 978 S.W.2d at 238; *see also* TEX. R. EVID. 608, 609. Therefore, given the above, we cannot say that the trial court abused its discretion by denying appellant's motion for new trial. *See Webb*, 232 S.W.3d at 112. We overrule his third issue.

## IV. CONCLUSION

Having overruled all of appellant's issues on appeal, we affirm the judgment of the trial court.


JOHN E. NEILL
Justice

Before Chief Justice Gray,
    Justice Davis, and
    Justice Neill
(Chief Justice Gray concurring with a note)*
Affirmed
Opinion delivered and filed October 23, 2019
Do not publish
[CR25]



*(Chief Justice Gray concurs in the Court's judgment which affirms the trial court's judgment. A separate opinion will not be issued.)