**Opinion filed June 20, 2024**



In The

# Eleventh Court of Appeals

_____

## No. 11-22-00334-CR

_____

## WILLIAM CAMDEN BLACK, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the County Court at Law**
**Taylor County, Texas**
**Trial Court Cause No. 1-775-21**

## M E M O R A N D U M   O P I N I O N

The jury found Appellant, William Camden Black, guilty of the Class C misdemeanor offense of illegal outdoor burning. *See* TEX. LOC. GOV'T CODE ANN. § 352.081(c), (h) (West 2023). Specifically, the jury determined that Appellant violated an order prohibiting outdoor burning issued by the Taylor County Commissioners' Court. The jury assessed Appellant's punishment and imposed a fine of $500. The trial court also assessed court costs of $76. Appearing pro se both

at trial and on appeal, Appellant brings five issues challenging his conviction. We affirm the judgment of conviction.

*Background Facts*

Deputy Jason Sterling of the Taylor County Sheriff's Office works in the transportation division of the department. He testified that on the morning of October 21, 2019, he was transporting a group of prisoners to the Middleton Prison Unit. He observed a cloud of smoke and an open flame while driving the prisoners in a transport van. He observed a brush pile burning in a yard between a house and the road, and because the unincorporated areas of Taylor County were in a burn ban, he contacted a patrol dispatch to send out a deputy to the location of the fire. In this regard, Deputy Sterling testified that he could not stop because he was transporting prisoners at the time. He further testified that the fire was not in an enclosure, that it was unsafe, and that it was a violation of the burn ban.

In Appellant's cross-examination of Deputy Sterling, he attempted to show that Deputy Sterling was untrustworthy because he had been disciplined as a deputy. Deputy Sterling was disciplined in 2020 for a violation of the department's body cam policy. He additionally testified on redirect that he was reprimanded in 2007 for intervening and stopping a violent situation rather than calling for police assistance.

Deputy Andrew Rodela of the Taylor County Sheriff's Office testified that he was working on patrol on October 21, 2019, when he was dispatched to the scene of the fire that Deputy Sterling observed. Upon his arrival, he made contact with Appellant near a pile of burning tree limbs with visible flames. Deputy Rodela testified that Appellant admitted to being the person that was conducting the fire. Deputy Rodela described the fire as being on top of the ground, not in either a burn pit or a container. Deputy Rodela advised Appellant of the burn ban and told him to put out the fire, which Appellant did with a water hose. Deputy Rodela gave

2

Appellant a warning on this occasion rather than a ticket because he was not sure that Appellant was aware of the burn ban. Deputy Rodela further advised Appellant that he was going to come back that afternoon and that if he observed Appellant with another fire, he would give him a ticket.

Deputy Rodela testified that he returned to Appellant's property that afternoon to discover that Appellant had restarted the fire. Deputy Rodela testified that the second fire was like the first one in that it was on top of the ground with tree limbs, not in a container. He further testified that the video of his encounters with Appellant was subsequently erased from the sheriff department's server during the three years between the encounter and the date of trial. In this regard, he testified that Class C misdemeanor offenses are considered low priority for retention purposes.

During the State's direct examination of Deputy Rodela, the State offered, and the trial court admitted, into evidence the Order Prohibiting Outdoor Burning adopted by the Taylor County Commissioners' Court on October 8, 2019. The order provided, in relevant part, as follows:

**TAYLOR COUNTY, TEXAS**
**ORDER PROHIBITING OUTDOOR BURNING**

**WHEREAS** in accordance with Section 352.081 of the Texas Local Government Code, the Taylor County Commissioners' Court has found that dry conditions along with heavy fuel accumulations in the unincorporated areas of Taylor County create a public safety hazard that would be exacerbated by outdoor burning; and, whereas such a finding authorizes the issuance of an order which prohibits or restricts outdoor burning.

**NOW THEREFORE BE IT ORDERED** that the following regulations are hereby established for all unincorporated areas of Taylor County, Texas:

(1) Action prohibited:

    a. A person violates this order if he or she knowingly or intentionally burns any combustible material outside of

3

an enclosure which serves to contain all flames and/or sparks, or orders such burning by others.

b. A person violates this order if he or she knowingly or intentionally engages in any activity outdoors which could allow flames or sparks that could result in a fire, or orders such activities by others.

Deputies Sterling and Rodela were the only witnesses called by the State. Appellant did not call any witnesses and opted not to testify. Appellant rested and closed his case immediately after the State rested its case-in-chief.

*Analysis*

Appellant raises five issues on appeal. He asserts in his first issue that he was denied court-appointed counsel. In his second issue, he asserts that "the [State's] witness committed perjury on the stand." In his third issue, Appellant challenges the sufficiency of the evidence supporting his conviction. In his fourth issue, Appellant contends that the prosecutor made improper jury arguments by calling him a liar. In his fifth issue, Appellant contends that "admissible evidence was denied" during trial.

We note at the outset that Appellant has failed to file a brief in this appeal that complies with the Texas Rules of Appellate Procedure because it is devoid of citations to the appellate record or citations to applicable legal authority. Pro se litigants are held to same standards as licensed attorneys and must comply with applicable laws and rules of procedure. *See Johnson v. State*, 760 S.W.2d 277, 279 (Tex. Crim. App. 1988). Rule 38.1 requires that a brief "contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." TEX. R. APP. P. 38.1(i). The brief must include, among other things, appropriate citations to the applicable legal authorities and an explanation of how those authorities apply to the facts of the case at hand. The failure to present argument or authorities in support of an assertion results in waiver of the issue. *Russeau v. State*, 171 S.W.3d 871, 881 (Tex. Crim. App. 2005); *State v. Gonzalez*,

855 S.W.2d 692, 697 (Tex. Crim. App. 1993). But in the interest of justice, we will address Appellant's issues to the extent that they are discernable from the record and his brief.

In his third issue, Appellant challenges the sufficiency of the evidence supporting his conviction. At the heart of Appellant's evidentiary challenge is his belief that oral testimony alone does not constitute evidence beyond a reasonable doubt. As set forth below, Appellant's contention is incorrect.

We review a challenge to the sufficiency of the evidence, regardless of whether it is denominated as a legal or factual sufficiency challenge, under the standard of review set forth in *Jackson v. Virginia*, 443 U.S. 307 (1979). *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010); *Polk v. State*, 337 S.W.3d 286, 288–89 (Tex. App.—Eastland 2010, pet. ref'd). Under the *Jackson* standard, we review all of the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson*, 443 U.S. at 319; *Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010).

When conducting a sufficiency review, we consider all the evidence admitted at trial, including evidence that may have been improperly admitted. *Winfrey v. State*, 393 S.W.3d 763, 767 (Tex. Crim. App. 2013); *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007). We defer to the factfinder's role as the sole judge of the witnesses' credibility and the weight their testimony is to be afforded. *Brooks*, 323 S.W.3d at 899. This standard accounts for the factfinder's duty to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *Jackson*, 443 U.S. at 319; *Clayton*, 235 S.W.3d at 778. When the record supports conflicting inferences, we presume that the factfinder resolved the conflicts in favor of the verdict, and we defer to that determination. *Jackson*, 443 U.S. at 326; *Clayton*, 235 S.W.3d at 778.

Section 352.081(c) of the Texas Local Government Code permits the commissioners' court of a county to issue an order that prohibits or restricts outdoor burning in the unincorporated areas of the county if drought conditions have been determined to exist (under the terms of the statute) or "the commissioners court makes a finding that circumstances present in all or part of the unincorporated area create a public safety hazard that would be exacerbated by outdoor burning." LOC. GOV'T § 352.081(c). A person that knowingly or intentionally violates an order adopted under the statute commits a Class C misdemeanor. *Id.* § 352.081(h).

Under the terms of the Order Prohibiting Outdoor Burning, the Taylor County Commissioners' Court, pursuant to Section 352.081 of the Texas Local Government Code, entered an order that prohibited a person from knowingly or intentionally burning "any combustible material outside of an enclosure which serves to contain all flames and/or sparks;" or engaging "in any activity outdoors which could allow flames or sparks that could result in a fire." Both deputies testified that they observed Appellant conducting fires that violated this order in an unincorporated area of Taylor County during a period when the burn ban was in effect.

Specifically, Deputy Rodela testified that he witnessed Appellant on two occasions burning tree limbs on top of the ground and not in a fire pit or enclosure. His eyewitness testimony, standing alone, is sufficient evidence under the *Jackson* standard to support Appellant's conviction. *See Lee v. State*, 176 S.W.3d 452, 458 (Tex. App.—Houston [1st Dist.] 2004), *aff'd*, 206 S.W.3d 620 (Tex. Crim. App. 2006). Simply put, the admission of physical evidence or photographs is not required to support a criminal conviction or for the State to prove its case beyond a reasonable doubt. *See Delacerda v. State*, 425 S.W.3d 367, 382 (Tex. App.—Houston [1st Dist.] 2011, pet. ref'd); *Bargas v. State*, 252 S.W.3d 876, 888 (Tex. App.—Houston [14th Dist.] 2008, pet. ref'd); *Harmon v. State*, 167 S.W.3d 610, 614 (Tex. App.—Houston [14th Dist.] 2005, pet. ref'd).

The jury is the exclusive judge of the credibility of witnesses and the weight of the evidence. *See Isassi*, 330 S.W.3d at 638. Thus, the jury is free to believe all or any part of the testimony of the State's witnesses. *Lee*, 176 S.W.3d at 458. To the extent that there are conflicts in the evidence or the witnesses' testimony, we presume that the jury resolved the conflicts in favor of the verdict, and we defer to that determination. *Jackson*, 443 U.S. at 326; *Clayton*, 235 S.W.3d at 778. Thus, the jury obviously disagreed with Appellant's contention that the evidence was insufficient to support the deputies' testimony that they observed Appellant conducting a fire that violated the burn ban, and we defer to the jury's finding of guilt. Here, there was ample evidence that a rational jury could have found the essential elements of the offense of illegal outdoor burning beyond a reasonable doubt. We overrule Appellant's third issue.

In his first issue, Appellant contends that the trial court erred by denying his requests for a court-appointed attorney. Appellant made multiple requests for a court-appointed attorney based upon his claim of indigency. The trial court advised Appellant on each occasion that he was not entitled to a court-appointed attorney because a Class C misdemeanor is only punishable by a fine. *See* TEX. PENAL CODE ANN. § 12.23 (West 2019). Appellant asserts on appeal that the trial court should have appointed counsel for him because he might later be jailed for failing to pay court costs assessed against him.

The Sixth Amendment creates a right to appointed counsel at trial for defendants charged with any felony. *Gideon v. Wainwright*, 372 U.S. 335, 345 (1963); *see* U.S. CONST. amend VI. For an indigent defendant charged with a misdemeanor, however, court-appointed counsel must only be provided if the conviction results in incarceration; not if only some other penalty—such as a fine— is imposed. *Scott v. Illinois*, 440 U.S. 367, 373–74 (1979); *Argersinger v. Hamlin*, 407 U.S. 25, 37 (1972). Article 26.04 of the Texas Code of Criminal Procedure

authorizes the trial court to appoint counsel for a defendant charged with a felony or one charged with "a misdemeanor punishable by imprisonment." TEX. CODE CRIM. PROC. ANN. art. 26.04(a) (West Supp. 2023). Thus, the right to appointed counsel conferred by Article 26.04 is no broader than that provided by the Sixth Amendment.

Article 1.051 of the Texas Code of Criminal Procedure provides that: "An indigent defendant is entitled to have an attorney appointed to represent him in any adversary judicial proceeding that may result in punishment by confinement and in any other criminal proceeding if the court concludes that the interests of justice require representation." *Id.* art. 1.051(c). Thus, the right to counsel under Article 1.051 is broader than that provided by the Sixth Amendment because a defendant charged with a Class C misdemeanor is entitled to court-appointed counsel if the trial court concludes that the interests of justice require representation. *Id.*; *see Barcroft v. State*, 881 S.W.2d 838, 841 (Tex. App.—Tyler 1994, no pet.) ("Since a class C misdemeanor is only punishable by fine, even if indigent, Appellant would not be entitled to the appointment of counsel unless she demonstrated that the interest of justice required her representation."). Here, Appellant did not assert at trial that he required court appointed counsel in the interests of justice under Article 1.051.

Appellant asserts on appeal that he was entitled to court-appointed counsel at trial because he may later be incarcerated for failing to pay court courts. However, the record does not reflect that contingency currently exists because Appellant has not shown that he is facing incarceration. Unless and until incarceration occurs, Appellant's right to court-appointed counsel in this instance is not implicated. Accordingly, we overrule Appellant's first issue.[1]

---

[1]At least one legal commentary suggests that an indigent defendant can never be incarcerated for any action related to a criminal proceeding for which he was not provided court-appointed counsel. Barabara E. Bergman, Theresa M. Duncan, & Marlo Cadeddu, 3 WHARTON'S CRIMINAL PROCEDURE

Appellant asserts in his second issue that "the [State's] witness committed perjury on the stand." Based upon his arguments at trial and the statements in his notice of appeal, Appellant appears to be referring to Deputy Sterling. Appellant essentially takes the position that Deputy Sterling should not have been permitted to testify against him at trial based upon the Deputy's record of administrative punishments. He also asserts that Deputy Sterling gave false testimony at trial, presumably based upon his testimony about his disciplinary record.

"It is axiomatic that a due process claim based on false evidence requires the defendant to prove first and foremost that the evidence was actually false." *Ukwuachu v. State*, 613 S.W.3d 149, 150 (Tex. Crim. App. 2020) (quoting *Ex parte Weinstein*, 421 S.W.3d 656 (Tex. Crim. App. 2014)). "A false-evidence claim must be supported by facts showing that some evidence was presented to the jury that was demonstrably false or misleading." *Id.* at 155 (citing *Ex parte De La Cruz*, 466 S.W.3d 855, 866 (Tex. Crim. App. 2015)). Thus, there must be proof in the appellate record that the State actually elicited or presented false evidence. *See id.* "[T]he record must contain some credible evidence that clearly undermines the evidence adduced at trial, thereby demonstrating that the challenged evidence is, in fact, false." *Id.* at 156. "[S]ome 'definitive or highly persuasive evidence' is needed to undermine the truthfulness of the evidence adduced at trial." *Id.* at 157 (quoting *De La Cruz*, 466 S.W.3d at 867).

Here, there is no definitive or highly persuasive evidence that Deputy Sterling (or Deputy Rodela) presented false evidence at trial. With respect to the allegation that Deputy Sterling gave a false impression about his disciplinary history, Appellant apparently obtained documents detailing that history. And while Appellant

---

§ 15.5 *Constitutional right – Misdemeanor cases* (14th ed. 2023) ("[O]nce a court decides to try an indigent defendant without appointing counsel, it will never be able to impose any period of imprisonment.") (citing *Alabama v. Shelton*, 535 U.S. 654, 667 (2002)).

attempted to offer these documents into evidence and the trial court denied their admission, Appellant did not make an offer of proof with respect to the documents. Accordingly, we do not have the documents in the appellate record in order to compare it to Deputy Sterling's testimony. Furthermore, Deputy Sterling testified extensively about his disciplinary history. There is no evidence in the appellate record that his testimony was false or misleading in any respect. Accordingly, we overrule Appellant's second issue.

In his fourth issue, Appellant contends that the prosecutor made improper closing arguments by calling Appellant a liar.[2] However, Appellant did not object to any arguments made by the prosecutor in the trial court. "Ordinarily, a conviction is not overturned unless the trial court makes a mistake." *Johnson v. State*, 169 S.W.3d 223, 228–29 (Tex. Crim. App. 2005). Thus, appellate issues are more properly directed at the conduct of the trial court rather than opposing counsel. Furthermore, "Rule 33.1 provides that a contemporaneous objection must be made to preserve error for appeal." *Burg v. State*, 592 S.W.3d 444, 448–49 (Tex. Crim. App. 2020) (citing TEX. R. APP. P. 33.1). "[O]bjections promote the prevention and correction of errors" by informing the trial court of the basis of the objection and affording it the opportunity to rule on it and correct it. *Saldano v. State*, 70 S.W.3d 873, 887 (Tex. Crim. App. 2002). Additionally, a timely, specific objection provides opposing counsel an opportunity to remedy the alleged error. *Id.*

Instances of improper jury argument are not exempt from the error preservation requirement. Generally, to preserve error for an improper jury argument, a defendant should (1) contemporaneously object to the statement, (2) request an instruction that the jury disregard the statement if the objection is

---

[2]Appellant contends that the prosecutor called him a liar on multiple occasions. However, our review of the prosecutor's closing argument indicates that he argued on a single occasion that "[t]he Defendant's lying."

sustained, and (3) move for a mistrial if the request for an instruction is granted. *Cooks v. State*, 844 S.W.2d 697, 727–28 (Tex. Crim. App. 1992). Thus, Appellant was required to object in the trial court and proceed to an adverse ruling to preserve his complaints for review on appeal about the prosecutor's arguments. *See id.*

"[A] defendant's failure to object to a jury argument or a defendant's failure to pursue to an adverse ruling his objection to a jury argument forfeits his right to complain about the argument on appeal." *Cockrell v. State*, 933 S.W.2d 73, 89 (Tex. Crim. App. 1996). Because Appellant failed to contemporaneously object to each of the prosecutor's statements with which he now takes issue, Appellant failed to preserve his fourth issue for appellate review. We overrule Appellant's fourth issue.

In his fifth issue, Appellant contends that "admissible evidence was denied during the trial due to the failure to follow proper legal procedures." He contends that the trial court's evidentiary rulings "denied [him] the opportunity to present [his] full case and to defend [himself] adequately." We review a trial court's admission or exclusion of evidence for an abuse of discretion. *Rhomer v. State*, 569 S.W.3d 664, 669 (Tex. Crim. App. 2019). The trial court's decision will be upheld as long as it was within the "zone of reasonable disagreement." *Beham v. State*, 559 S.W.3d 474, 478 (Tex. Crim. App. 2018). We will not reverse a trial court's evidentiary ruling, even if the trial court's reasoning is flawed, if it is correct on any theory of law that finds support in the record, and is applicable to the case. *Henley v. State*, 493 S.W.3d 77, 82–83 (Tex. Crim. App. 2016).

Appellant does not identify the evidentiary items that he contends that the trial court erroneously disallowed, and he did not make an offer of proof with respect to the documents that he attempted to offer at trial. To preserve error in the exclusion of evidence, the proponent must make an offer of proof and obtain a ruling, unless the substance was apparent from the context. TEX. R. EVID. 103(a)(2). Here, the substance of the excluded evidence is not apparent from the context of the record,

11

and in the absence of an offer of proof, we are unable to determine if the trial court abused its discretion by excluding it.

Furthermore, to the extent that Appellant is complaining about the exclusion of the documents detailing Deputy Sterling's disciplinary history, Rule 608(b) of the Texas Rules of Evidence provides that "[e]xcept for a criminal conviction under Rule 609, a party may not inquire into or offer extrinsic evidence to prove specific instances of the witness's conduct in order to attack or support the witness's character for truthfulness." TEX. R. EVID. 608(b). This rule has been specifically applied to exclude evidence of the disciplinary history of police officers. *Baldez v. State*, 386 S.W.3d 324, 328 (Tex. App.—San Antonio 2012, no pet.) (holding that prosecution had no duty to turn over report of officer's disciplinary suspension because it would have been inadmissible at trial); *Dalbosco v. State*, 978 S.W.2d 236, 238–39 (Tex. App.—Texarkana 1998, pet. ref'd) (prosecution had no duty to disclose arresting officer's disciplinary history, including his dismissal for reasons that included lying, because it would have been inadmissible at trial). Accordingly, the trial court did not err by excluding evidence of Deputy Sterling's disciplinary history. We overrule Appellant's fifth issue.

*This Court's Ruling*

We affirm the judgment of the trial court.


JOHN M. BAILEY
CHIEF JUSTICE

June 20, 2024

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.